## HOWELL v. REYNOLDS.

1. The rule that a witness cannot be contradicted by proof of previous counter declarations, either written or verbal, applies to testimony taken by deposition, and if such supposed contradictory declarations, exist at the time the deposition is taken, the witness must have the opportunity afforded him of explaining it if in his power.

2. If a partnership, upon its dissolution, convey all its effects to one of the firm, and after such dissolution and transfer, a debtor of the firm promise

pay the individual partner, he may maintain an action in his own name on the promise.

Writ of Error to the County Court of Dallas.

ASSUMPSIT by the plaintiff in error. The declaration contains the common counts, and an account stated.

Pleas—Non-assumpsit, and the statute of limitations.

The plaintiff proved, that in the fall of 1841, the account sued on was presented to the defendant, at which time he said he would take the account, and do what was right about it; and by another witness, that in 1842, he promised to pay it, if plaintiff would give him a small credit for corn. .Upon the account there was a credit for corn, and the defendant did not offer to prove any amount, as payment or set off.

There was evidence on the part of the defendant, tending to prove, that the account was created, whilst the plaintiff, and one Bonneau were partners, selling goods under the style of Howell & Bonneau. That the partnership was dissolved about the 24th of April, 1838, which was the date of the last item in the account, and that after the dissolution, the defendant had settled the account with Bonneau. It was also proved, that at the time of the dissolution, it was agreed between Howell & Bonneau, that all the accounts of the firm should belong to Howell, and that he should take the books and accounts, and receive the money due the firm.

The fact of the time of the dissolution of the firm, was proved by the evidence of Bonneau, taken by interrogatories, and for the purpose of discrediting his testimony, the plaintiff offered in evidence a voluntary affidavit made by Bonneau, in which he stated, that the partnership between himself and Howell was dissolved on the first January, 1838. Cross interrogatories were propounded by plaintiff to Bonneau, but he was not inquired of as to this affidavit, or informed that his testimony would be impeached. It does not appear when the affidavit was made. There was evidence tending to show, that the partnership was dissolved about the

17

1st January, 1838.    The court refused to permit the affidavit to go to the jury, to which the plaintiff excepted.

The plaintiff moved the court to charge, that if the account sued on was made with the firm of Howell & Bonneau, and on the dissolution of the firm, the books and accounts were transferred to Howell—that the account was made out in his name, and when presented to defendant he promised plaintiff to pay it, he was liable in this action. The court refused so to charge, but instructed the jury, that if the account was a partnership transaction, the plaintiff could not recover; to which the plaintiff excepted. These matters are assigned as error.

LODOR, for plaintiff in error, made the following points :

1. The refusal of the court below to allow Bonneau's affidavit, referred to in the bill of exceptions, to go to the jury. [1 Phil. Ev. 293; Ewer v. Ambrose, 10 Serg. & L., or 4 Barn. & C. 25; De Suilly v. Morgan, 2 Esp. 691.]

2. The refusal of the court below to charge the jury, that Reynolds' promise to pay the account individually to Howell, made him liable to Howell in this action, under the circumstances detailed in the bill of exceptions.

3. The refusal of the court below to allow the plaintiff to poll the jury under the circumstances detailed in the bill of exceptions.   [3 Black. Com. 377; Fox v. Smith, 3 Cow. R. 23; Blackley v. Shelden, 7 John. 32; Bunn v. Hoyt, 3 Ib. 253; Root v. Sherwood, 6 Ib. 68; see head Polling of Jury, 6 Am. Com. L. Cases, 334 to 337.]

4. The matter of the bill of exceptions.

ORMOND, J.—The rule of evidence relied on to justify the exclusion of the affidavit of Bonneau, to contradict his testimony, is the rule established by the judges in the Queen's case, and which has been frequently held to be the law, by this court—that a witness cannot be impeached by proof of counter declarations made by him, without first asking him whether he has made such declarations.   The reason of the rule is, that it may be in his power to explain the apparent

contradiction, and the rule is the same, whether the declaration of the witness supposed to contradict his testimony, be written or verbal. [3 Stark. Ev. 1741.]

The question is usually made, where witnesses are examined orally, in open court, and in our opinion, it must also apply to testimony taken by deposition, as the deposition is a mere substitute for the witness ; and we can perceive no reason, why a witness testifying in this mode, should not be entitled to the same protection, as if he had testified orally, in the presence of the court and jury.   If then this paper existed, when the plaintiff was notified, that the deposition of the witness was to be taken, and was informed by the interrogatories, of the testimony the witness was expected to give, it was his duty to give him an opportunity of explaining it, if he could, and reconciling it with the evidence he then gave; if there was any real, or apparent contradiction between them. But if the affidavit was made subsequent to the time when the interrogatories were propounded, from the necessity of the case, the plaintiff should have been permitted to offer it in evidence, as a declaration of the witness, contradicting his testimony.   How the fact was, as to the time when this voluntary affidavit was made, we are not informed by the record ; we must therefore presume in favor of the judgment of the court, that it is correct, until the contrary was shown. It is the duty of the party alledging error, to show it affirmatively upon the record.

But in the charge to the jury the court erred.   The jury might have believed from the testimony before them, that the partners, upon the dissolution of the partnership, transferred all the accounts and effects of the firm to Howell, and that afterwards the defendant promised him to pay the account.   We cannot doubt that it is competent for a partnership, upon its dissolution, to convey to one of the firm all its effects, and nothing is more common or frequent in practice, as the burthen of paying the debts frequently devolves on one of the firm.   This arrangement would not, it is true, convey the legal title, so as to authorize such partner to sue

in his own name, upon a debt created in the name of the firm. But if, after such a transfer, the debtor promises to pay the debt to such partner, he may maintain an action upon the promise in his own name.

The last question made, upon the right of the plaintiff to poll the jury, under the circumstances of this case, need not be decided, as there must be another trial.

Reversed and remanded.