# Snodgrass *v.* Coulson.

*Action on Common Counts.*

1. *Memorandum as evidence, or refreshing memory of witness; admission implied from silence.*—A memorandum made by a witness at the time of the occurrence to which it relates, may not only be used by him for the purpose of refreshing his memory, but may be admissible as evidence of the facts stated, though he can not recollect them, if he states that he made the memorandum, and that he then knew the facts to be as stated; and although the memorandum may not be admissible under this rule, because the witness admits the inaccuracy when made, it may be admissible as showing an admission implied from silence, on proof that it was exhibited to the opposite party, and that he did not object to it.

2. *When action lies for money had and received.*—Under a contract for the sale of timber by plaintiff to defendant, to be cut, hauled and sawed into lumber, plaintiff to have one-fourth of what it made, he can not maintain an action for money had and received, without proof that the lumber has been sold, or otherwise converted by the defendant to his own use.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This action was brought by Henry H. Coulson against Wm. E. Snodgrass, and was commenced on the 2d July, 1887. The complaint contained only common counts, each claiming $247.60; the first, as " due by account for the years 1885 and 1886;" the second, for goods and chattels sold during those years; the third, " for the following chatttels sold by plaintiff to defendant during the years 1885 and 1886," specifying 15,000 feet of lumber at $10 per thousand, 476 cross-ties at ten cents each, and one bale of cotton, of the value of $50; and the fourth, on an account stated. The defendant pleaded, " in short by consent, *nil debet,* payment, and set-off, with leave to give any special matter in evidence;" and issue was joined on these pleas.

On the trial, the plaintiff thus testified in his own behalf: " Defendant owes me by account for one-fourth of 60,000 feet of lumber, at $10 per thousand, $150; one bale of cotton, worth $50; and 476 cross-ties, at ten cents each, $47.60. I let him have the lumber. He told me it was worth $10 per thousand feet. The bale of cotton is for rent of my place for the year 1886, which he was to deliver to me. He got cross-ties from my land, and was to pay me ten cents for all he cut and

[Snodgrass v. Coulson.]

hauled off. He is entitled to the following credits, . . . which leaves the balance due me $179.63. He got 60,000 feet of timber, so far as I could get at it. I got two men to measure the stumps where the trees were cut, and the distance from the stump to where the top was cut off, and the end of the top, and calculate the amount that way. I was not with the men at the time, and know nothing about it of my own knowledge. Defendant proposed to cut, haul and saw the timber, and give me one-fourth of what lumber it made. Streety and Beard were the men who measured the stumps, logs, &c. Then I made the calculation, and showed it to the defendant. He said he thought it was a little too high; think he said it was about 53,000 feet. The contract between us was, that the lumber was to be divided in the mill yard." He testified, also, that the defendant afterwards refused to deliver the lumber, claiming that plaintiff was to pay for the cutting and hauling of the timber.

Streety thus testified as a witness for plaintiff: "Beard and I made the measurement of the stumps and tops, and the distance between them, and then made the calculation according to Schribner's book. This is the memorandum of it on this little book, made at the time of the measurement, and is correct. The manner in which we arrived at the length and size of the logs made our estimate; it was *sorter* guess work. . . We did not make an accurate measurement of the trees or logs. That could not be done after the logs were taken away. Some of the logs were still there in the woods, about one-fourth, I reckon, and several of the biggest. We measured them, too, and included it in our estimate of the lumber." Beard testified to the same facts in substance, and recognized the memorandum shown in the book. On this evidence, plaintiff "offered a statement of his account, and a little book with the memorandum of measurements made by Streety and Beard. Defendant objected to said memoranda as evidence, because the same was illegal and incompetent, and was admitted by them to be inaccurate and unreliable. The court overruled said objections, and permitted said memoranda to go to the jury; to which ruling and action defendant excepted."

The defendant asked the court to charge the jury, "If they believed the evidence, the plaintiff can not recover for the lumber in this action." The court refused this charge, and the defendant excepted; and he here assigns its refusal as error, with the admission of the memorandum as evidence.

R. C. BRICKELL, for appellant, cited *Grant v. Cole*, 8 Ala. 519; *Acklen v. Hickman*, 63 Ala, 494; *Holloway v. Talbot*,

[Carr v. Lester.]

70 Ala. 391; *Sprague v. Morgan,* 7 Ala. 952; *Snedicor v. Leachman,* 10 Ala. 330.

SPEAKE & COULSON, *contra.*

STONE, C. J.—In *Acklen v. Hickman,* 63 Ala. 494, we laid down the rule as to when a memorandum, used in connection with a witness' testimony, may itself be put in evidence. The memorandum in this case was scarcely brought within the rule. Possibly, as furnishing the detailed items and numbers to which the witness had testified, it was brought within the influence of another rule.—*Hirshfelder v. Levy,* 69 Ala. 351.

The complaint in this case contains only common counts. The count upon which the plaintiff must have recovered, is the one for money had and received. That count comes nearest to the case made by the testimony. So far as the plaintiff's claim rests on the lumber transaction, there can be no recovery for money had and received. There is no testimony that the lumber had been sold, or so converted by the defendant, as that he could be made to account for the plaintiff's alleged one-fourth interest in it, as for money. The lumber, even at the trial, was at the mill undisposed of.—*Snedicor v. Leachman,* 10 Ala. 330; 1 Brick. Dig. 140–1, §§ 74, 89; 3 *Ib.* 51, § 10; *Moody v. Walker,* 7 So. Rep. 246; 89 Ala. 619. The charge asked by defendant ought to have been given.

Reversed and remanded.