# Baird Lumber Co. v. Devlin.

## *Action on Contract.*

1. *An account when allowed to go to jury.*—Before an account is allowed to go to the jury, the items composing it must be proved by the party offering it, or it must be shown to have been rendered to the party against whom it is offered and kept by him without objections to its correctness for such length of time as to raise the presumption that objections would have been

· [Baird Lumber Co. v. Devlin.]

made if grounds therefor existed, or it must be shown that the items have been gone over by the plaintiff and defendant and all the errors eliminated; and the fact that an account is shown to have been a correct transcript from the books of the party offering it without more will not authorize it to go to the jury.

2. *Error without injury; what is.*—Where evidence is applicable to a count of the complaint upon which it plainly appears there was no recovery admission of it is of no injury to the defendant whether it is legal evidence or not.

3. *Court may direct the jury what amount to find if they find for plaintiff.*—Where there is no conflict in the evidence as to the amount of plaintiff's ,recovery, if he recovers at all, it is no error to charge the jury that they will find that amount for the plaintiff if they believed the evidence, and if they believed his statement as to what the contract was between him and the defendant.

4. *Agent; what he may not do in conducting business of his principal.*—Where the superintendent of an incorporated company goes away from his place of business leaving the bookkeeper of the company in charge of its affairs during his absence, and it is shown that neither the superintendent nor any member of the company authorized the bookkeeper to make any contracts, he must be held to have been limited to the usual and customary way in which the business of the company was conducted; and if the company was not in the habit of furnishing conveyances to its employés, and besides had horses and conveyances of its own, and the bookkeeper hired a horse and buggy, the company is not liable, since it cannot be allowed that this agent, whether he was a special or general one —a point not decided—could go .beyond the usual and customary manner of transacting the business of the company, and hire a horse and buggy in attending to the affairs of the company for which the evidence tends to show he had no use, and thereby fix a liability on the company therefor.

5. *Necessary steps to use letter of witness to contradict him.*—A letter purporting to have been written by a witness cannot be used to contradict his oral evidence given in a trial, unless it is first shown that he wrote the letter and his attention is called to it to give him an opportunity to explain it.

APPEAL from Mobile Circuit Court.

Tried before Hon. W. S. ANDERSON.

Luke A. Devlin sued the Baird Lumber Co. to recover a sum of money claimed to be due him under a contract of employment, whereby he claimed the company agreed

[Baird Lumber Co. v. Devlin.]

to pay him ten per cent on all the goods which he sold as drummer for it; that his said commission was earned and became due as soon as he took the order for the goods. He further claimed that by some subsequent agreement the company was to pay him whatever was reasonable for collecting the money for the goods which he sold; and that it owed him for the use of a horse and buggy for a certain period of time. The defendant company pleaded the general issue, payment and a special plea setting up that, under the terms of the employment between the parties, it was to pay only after the goods were sold by the company and the purchase price paid; that it had paid all money due to plaintiff which had been earned, and if anything more should ever be collected then and only then would the company owe him more.

McINTOSH & RICH, for appellant.—The copies from defendant's books should have been admitted—they were not offered to prove an account, but simply as memoranda to show the orders taken.—*Hirschfelder v. Levy & Co.*, 69 Ala. 351; *Rich v. Schloss*, 90 Ala. 416; *Galloway v. Varner*, 77 Ala. 541. (2). The letter of witness, Downey, improperly admitted, *Keyland v. Keyland*, 101 Ala. 297; *Cobb & Malone v. Collins*, 91 Ala. 388; *Howell v. Reynolds*, 12 Ala. 128; *Hews v. Wilkinson*, 35 Ala. 453; *Powell v. State*, 19 Ala. 577. (3). Court erred in giving exact figures to the jury.—*Dowd v. Malone*, 48 Ala. 428; 48 Ala. 431; *Kerr v. Nichols*, 88 Ala. 351.

SULLIVAN & STALLWORTH, *contra.*—Accounts not admissible.—*Hart v. Kendall*, 82 Ala. 147; *Hancock v. Kelly*, 81 Ala. 368; *Powell v. State*, 84 Ala. 444; *Lunsford v. Butler*, 107 Ala. 403. (2). Letter of Downey admissible.—1 Greenleaf, § 462.

HARALSON, J.—1. The 1st and 2nd assignments of error are waived by the appellant. The 3rd, 4th and 5th relate to the same matter,—whether an account of the defendant company with the plaintiff, copied from their books to be used on the trial was properly excluded

from the jury, on objections by plaintiff. We have heretofore held, that before an account is allowed to go to the jury, the items composing it must be proved by the party offering it, or it must be shown to have been rendered to the party against whom it is offered, and kept without objections to its correctness, for such a length of time as to raise the presumption that objections would have been made if grounds therefor existed, or it must be shown that the items have been gone over by the plaintiff and defendant and all errors eliminated, and that the fact that an account is shown to have been a correct transcript from the books of the party offering it, without more, will not authorize it to go to the jury. *Rice v. Schloss,* 90 Ala. 416; *Hirschfelder v. Levy,* 69 Ala. 351.

In *Nelms v. Steiner,* 113 Ala. 573, we said, "Memoranda of this character, prepared by the party for the purposes, or in the course of the trial, is not a species of evidence to be encouraged; and if admitted, to avoid misleading the jury, would necessitate very careful, precise instructions, that they were not in themselves evidence, and that they must not be so regarded, or looked to for any purpose than reference to the items, and the comparison of them with the evidence having a tendency to support them; they are not of themselves distinct, independent evidence.—*Robinson v. Allen,* 36 Ala. 525;" *Foster v. Smith,* 104 Ala. 248; *Snodgrass v. Coulson,* 90 Ala. 347; *Mooney v. Hough,* 84 Ala. 81.

Under the evidence in this case, it appears the preliminary proof to authorize the accounts offered to go to the jury were not made. The defendant's counsel produced copies of accounts against plaintiff, taken from its books, and introduced its witness, Van Staffen, who testified, that "Mr. King, the book-keeper, did the work on them to the best of my knowledge. They are correct as the books show. This is a correct statement of the account as it should appear, and as it stands now, between Mr. Devlin and the defendant." The defendant then offered the statement of accounts in evidence, and an objection to their introduction by plaintiff was sustained. The evidence of said witness, did not prove that the items of the accounts were correct, but no more

than that they were correct copies from the books. The bookkeeper, King, testified, that he knew nothing about the account between plaintiff and defendant except as it appears on the books of the defendant company; that he made up the statement of the account from the books, and they were correct copies. The defendant again offered the account in evidence, and the court, on objection of plaintiff refused to allow it to be introduced, in which ruling it manifestly appears there was no error. It is argued for defendant, however, that plaintiff had admitted the account to be correct. But an examination of his evidence does not bear such an inference. He testified that he had a settlement with Blanchard, who, at the time, about the 20th March, 1898, was keeping the books of the company; that the company owed him, on the 1st of February of that year, by that settlement, $200.54, and a settlement to that time was correct. He distinctly stated, that he could not tell anything about the accounts as shown on he books of the company, and could not tell whether the copy of the account handed him was correct, as he had kept no memorandum of the business, and that he had told the bookkeepers to keep the company's account, and he would keep his; that he did not know what their books of account showed—whether they showed all the items since the statement made to him by Blanchard or not; that he had not seen their books since Blanchard made that statement, but that, if there were charges on the books other than those he mentioned, they were not corrct, nor did he know what other items of credit they had allowed him. The account offered contained much that was not covered by the settlement with Blanchard, and contains a charge of $251.30, which is ten per cent. commissions on all sales made by plaintiff for defendant, the amounts of which had not been collected,—the very issue in dispute between plaintiff and defendant, as submitted for decision on defendant's 3rd plea as amended. According to plaintiff's contention, being a drummer for defendant, he was to receive 10 per cent on all orders taken for lumber; whereas, defendant admitting such to have been the contract in the beginning, contends that the same was modified the 1st day of Sep-

tember, 1896, whereby it was agreed between them, that thereafter plaintiff should receive 10 per cent on the orders taken by him after the same had been by him collected and paid to defendant. The plaintiff seemed on the trial, not to be disposed to dispute defendant's account of the orders taken by plaintiff, as shown by their books, although he did not know positively that they were correct, but it was charging him 10 per cent on the uncollected orders, contrary to his contract, that he objected to. He says in testifying, "That the account which they kept [referring to the orders] is correct, and the only dispute between him [plaintiff] and the company is, as to when this commission is payable,—whether upon the taking of the orders, or when the same are collected,—that is the idea about it." This statement of plaintiff, therefore, cannot be taken as an admission of the correctness of the accounts offered in evidence against him by defendant.

2. The defendant proved by its witness, Allen, that he had paid plaintiff for defendant a bill for $15, and that he was afterwards dunned by one of defendant's collectors for the same bill. The effort was to show that plaintiff had collected money for defendant which he had not accounted for. The plaintiff in rebuttal of this evidence, testified that the witness, Allen, had told the truth about his collecting this $15 from him, and that this was the same transaction he, the plaintiff, had testified about when first examined in chief. Plaintiff's counsel asked him, if he had reported this collection to the company, which question was objected to by defendant, because not in rebuttal. The court very properly allowed the witness to answer, that he collected the money and used it and had told Mr. Blanchard, the book-keeper, soon after it was paid, to charge the same to him. In all fairness, he was entitled to this explanation, especially as no better objection was interposed to its allowance, than that it was not in rebuttal.

3. The court stated to the jury, that plaintiff testified "that he had another contract by which he was to have five per cent commissions on all collections made by him," to which statement the defendant excepted. The testimony of plaintiff on this subject, it is true, was

[Baird Lumber Co. v. Devlin.]

not in these identical words, but in substance and effect it was the same, and it was applicable to the second count in the complaint. However this may be, there was no injury to defendant, since it plainly enough appears, there was no recovery on this count.

4. The 9th assignment is, that the court stated in its oral charge the exact amount—$449.42—that the plaintiff was entitled to recover, if the jury believed his statement as to what the contract was between him and defendant. There was no evidence in contradiction of these figures. It was competent therefore for the court to charge, that if they believed the evidence, to find that amount as the sum due the plaintiff for orders taken, provided they believed his statement as to what the contract was between him and the defendant; and the court so charged. The charge was, "If you take the statement of the contract as claimed by the plaintiff, that,—$449.42—was what he would be entitled to under that contract at that time." This did not withdraw from the jury the right to pass upon the credibility of plaintiff's evidence, as to the sum that was due him, upon which it was their province alone to pass.—*Cobb v. Vary*, 24 So. Rep. 442; *David v. Malone*, 48 Ala. 428.

5. The 3rd count related to an alleged contract of the hire of a horse and buggy by plaintiff to defendant. The plaintiff's evidence tended to show, that one McGee was the superintendent of the company when the yellow fever broke out in Mobile in 1898, and he abandoned the city at that time, leaving Mr. Blanchard, the bookkeeper, in charge of the company's affairs during the yellow fever period; that Blanchard asked plaintiff to allow the company to use his horse and buggy, as the company's horse had taken sick, and that whatever was reasonable pay for the same he would see that plaintiff got; that he accordingly turned the horse and buggy over to Blanchard, who used them for thirty-four days, which was reasonably worth $2 per day. He also testified, that he never demanded any pay for the use of the horse and buggy, until he began this suit, and he would not have done it, then, but for the attitude of the company towards him. The evidence on the part of defendant tended to show, that the company owned horses and

buggies at the time, and Blanchard had no authority from the superintendent, McGee, or from any other member of the company, to make any contracts, and the company was not in the habit of furnishing its employé with conveyances. · The court charged the jury, that if Blanchard "was in the position of superintendent, and he had charge of the business of the company, he would have authority to employ the horse." In the charge of which the above was a part and excepted to, · the court also stated to the jury, that it was for them to say, "from the terms in which he (the plaintiff) hired him (the horse), whether or not it was understood by Devlin and Blanchard, at the time he made this contract, that there was to be any compensation, or whether it was just to be a gratuity." The charge under the facts of the case, we must hold was an improper one. · The evidence of plaintiff, tending to show the authority of Blanchard as agent, to hire the horse and buggy was scant. Admitting that he was, for the time, the general agent of the company to transact its affairs, in the absence of McGee, the superintendent,—which is by no means clear,—yet the authority of Blanchard as such agent, must be held to have been limited to the usual and customary way in which the business of the company was conducted. The evidence of the defendant was, that the company was not in the habit of furnish· ing conveyances for its employés; and· besides, ·that it · had horses and conveyances of its own, which latter fact the plaintiff knew, as he himself testified. It cannot be allowed, that this agent, whether he was a special or general one, could go beyond the usual and customary manner of transacting the business of the company, and hire a horse and buggy, in attending to the affairs of the company, for which the evidence tends to show he had no use, and thereby fix a liability on the company therefor.—*Sweetser v. Shorter*, 26 So. Rep. 298.

6. The letter received by plaintiff from the witness, Downey, examined on deposition by defendant, was, if genuine,, and a proper predicate had been laid for the purpose, competent evidence for contradicting the witness, in having sworn to a state of facts different from those to which he wrote the plaintiff he would swear;

[Alabama Great Southern Railroad Co. v. Reed.]

but in order to contradict him by the introduction of this letter, it should have been shown that the witness wrote it, which was not done (*Hightower v. Ogletree*, 114 Ala. 95), and the witness' attention should have been called to the letter to give him an opportunity to explain it, if in his power.—2 Brick. Dig. 548, § 118. .

7. We fail to find in the evidence,—if the charge may not be condemned on other grounds,—the facts as stated for the predicate of the charge asked by defendant and refused. Plaintiff was never told as the charge hypothesizes "that he had been paid all that had been earned, and that under the contract he owed defendant." This was the mere construction by defendant of the testimony of the witness, Van Staffen, and not what the witness swore.

The appellant, for the errors indicated, is entitled to a reversal of the judgment below.

Reversed and remanded.