(130 So. 778)

## SIMON v. WYLER.
### 6 Div. 591.

Supreme Court of Alabama.
Oct. 30, 1930.

Rehearing Denied Nov. 28, 1930.

Cabaniss, Johnston, Cocke & Cabaniss and L. D. Gardner, Jr., all of Birmingham, for appellant.

Charles A. Calhoun and Coral W. Calhoun, both of Birmingham, for appellee.

92

**BROWN, J.**

This is an action of assumpsit on the common count for merchandise, goods, and chattels alleged to have been sold by the plaintiff to defendant. The defendant's plea was in short by consent with leave to give in evidence any matter which, if pleaded, would constitute a good defense.

The controverted items of the account were articles of jewelry purchased by the defendant's wife, and the evidence was without dispute that defendant had given notice to the plaintiff that if he sold goods to defendant's wife, they were not to be charged on defendant's account without defendant's special approval and authority. The evidence was in conflict as to whether or not such authority was given, and likewise as to whether or not the purchases were ratified by the defendant.

The defendant offered, along with other evidence, the deposition of Mrs. Paul Campbell, taken in regular course, whose testimony tended to show that the purchase made October 18, 1927, of one star sapphire bracelet $1,500, and one star sapphire ring $400, and two solid silver sugar baskets $56, was made by her and charged to the account of the defendant without his authority.

On cross-examination this witness stated: "I have not, that I know of, ever made the statement that Mr. Simon entered into an agreement with Mr. Wyler that all of the articles which are the basis of this complaint should be charged to Mr. Simon and paid for by 'him."

And in rebuttal plaintiff offered a duly authenticated copy of a complaint and the sworn answer thereto by one of the parties sued, filed in the ·City Court of New York, wherein Sigmund Wyler was plaintiff and Edwin I. Simon and Paula Simon were named as defendants, claiming a sum due on account for merchandise, goods, and chattles alleged to have been purchased by the named defend-· ants, the items of the account being similar to the items of this account, the subject-matter of this action.

The fourth paragraph of the complaint filed in said City Court alleged: "That it was agreed between plaintiff and defendants that the said goods, wares and merchandise, and the work, labor and services performed, were to be paid for on delivery of the same, and that plaintiff has duly performed the work, labor and services for defendants, and duly delivered the goods, wares and merchandise in the schedule hereto annexed, referred to as Schedule A, to defendants, and has demanded payment of the said sum from defendants, but no part thereof has been paid, and the defendants have failed, neglected and refused to pay the same, and the whole amount thereof is now due and owing from the defendants to the plaintiff."

The defendant named in the foreign suit as Paula Simon appeared by her attorney and, answering said fourth paragraph of the complaint, alleged: "That between the dates above mentioned, the said Edward I. Simon entered into agreements with the plaintiff, wherein and whereby the plaintiff agreed to deliver to the defendant Paula Simon, wife of the defendant Edwin I. Simon, the said items of goods, wares and merchandise, alleged in paragraphs of the complaint numbered 'second' and 'third,' and as further enumerated in Schedule A annexed to the complaint, as well as to perform such work, labor and services therein specified, which said goods, wares and merchandise together with such work, labor and services were to be charged to the account of said defendant Edwin I. Simon, pursuant to said agreements and paid for by him."

Neither the defendant in this suit, nor the witness Paula Campbell, was interrogated in respect to said suit in New York, and there is nothing in the record going to show that the parties to that suit and the suit at bar are the same, except the names of the parties and the similarity of the items in the account.

 If it had been shown that the witness Paula Campbell was the same person as Paula Simon named in the New York suit, and that suit was to recover for the same goods, wares, and merchandise, on proper predicate, the transcript would be competent and material as tending to impeach the credibility of the witness's testimony. But the predicate should direct the attention of the witness to be impeached with "reasonable certainty to time, place and person involved, and the supposed contradiction." Walker v. State, 220 Ala. 545, 126 So. 848. This rule applies as well to testimony taken by deposition as evidence given ore tenus. Howell v. Reynolds, 12 Ala. 128; Doe ex dem. Hughes v. Wilkinson, 35 Ala. 453; Baird Lumber Co. v. Devlin, 124 Ala. 245, 27 So. 425.

 The predicate was clearly insufficient. The defendant's objection does not go to the sufficiency of the predicate, it goes only to

the materiality and competency of the evidence, and this objection was good in the absence of evidence showing the identity of the witness with the party filing the answer, and the identity of the subject-matter of the two suits. This burden was on the party offering the evidence. While identity of name is prima facie evidence of identity of person (Wilson v. Holt, 83 Ala. 528, 3 So. 321, 3 Am. St. Rep. 768; 19 R. C. L. 1332, § 9), there is no presumption of identity of obligation from the mere similarity of the items of two accounts.

We are therefore of opinion that the lower court erred in overruling the objection, and in receiving this evidence.

The fact that the court admitted this evidence as material tends to show that it was considered by the court in reaching a conclusion on the facts. Bowdon Lime Works v. Moss, 14 Ala. App. 433, 70 So. 292. And the record shows that on a former trial before the same judge on the 17th of December, 1928, he reached a different conclusion from that announced on the last trial. The transcript of the proceedings in the New York court was authenticated on October 9, 1929, and manifestly was new evidence offered on the last trial. In these circumstances we are clear to the conclusion that rule 45 should not be applied.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.