8 So.2d 595

**HOBBS v. STATE OF TENNESSEE ex rel. STATE OF ALABAMA.**

8 Div. 211.

Court of Appeals of Alabama.

Feb. 17, 1942.

Rehearing Denied March 17, 1942.

W. W. Malone and W. W. Malone, Jr., both of Athens, for appellant.

Thos. S. Lawson, Atty. Gen., and Jas. F. Matthews, Asst. Atty. Gen., for appellee.

RICE, Judge.

Appellant was arrested under a Governor's warrant issued by the Governor of

Alabama on the requisition of the Governor of Tennessee, the said warrant reciting that appellant was "charged by affidavit & warrant (sic) in the county of Shelby in said State (Tennessee), with the crime of feloniously obtaining property by means of a bad check (a duly certified copy of which warrant & affidavit accompanies said requisition)."

He sued out a writ of habeas corpus seeking his discharge from the custody of the Sheriff of Limestone County, who made the arrest, and, from the judgment of the court remanding him to the custody of said Sheriff for the purpose of being delivered to the duly authorized agent of the State of Tennessee he brings this appeal.

 So far as we can see the necessary facts, as outlined in the opinion in the case of State of Tennessee v. Hamilton, 28 Ala. App. 587, 190 So. 306, 308—said opinion being written for this court by the late loved and lamented Judge Wm. H. Samford—to constitute a prima facie case for holding appellant in custody as a fugitive from justice, were made to appear by the papers on file.

But here, as in the Hamilton case cited in the preceding paragraph, this fact does not preclude our "looking behind the prima facie case to see whether or not the warrant of the Governor was issued in a case not authorized by law."

And it is definitely the law of our State that "nothing in this chapter [the chapter dealing with Criminal Extradition] shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited." Code 1940, Title 15, § 68.

All that remains to be said is that the "bad check" mentioned in the Governor's warrant is shown in the testimony, without dispute, to be a check given by appellant to a party in Tennessee, accompanied by the statement, in effect, that it was not good at the time, but that appellant would "make it good," upon his return to Alabama, where he resided, meaning that appellant did not have funds on deposit to his credit in the bank on which the check was drawn, but that he would place such funds on deposit in said bank upon his return to Alabama. And that he never did so.

His said action, however reprehensible, was no crime.

In addition, it appears that appellant sent a partial payment of the amount he owed on said check after his return to Alabama.

And the whole evidence, all without dispute, shows clearly that, aside from there having been no crime committed by appellant, the extradition proceedings were instituted to collect the balance due from him.

Extradition cannot be had.

The judgment of the court below is reversed. And one here entered discharging appellant.

Reversed and rendered.