37 So.2d 231

**RUSSELL v. STATE.**

**4 Div. 67.**

Court of Appeals of Alabama.

June 29, 1948.

Rehearing Denied Aug. 3, 1948.

Jas. M. Prestwood, of Andalusia, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The appeal in this proceeding has been considered and decided by this court sitting en banc.

It appears from the record that appellant W. H. Russell, Jr., was in custody of the sheriff who had arrested him under a Governor's warrant issued by the Governor of the State of Alabama on a requisition of the Governor of the State of Georgia, the said warrant reciting that W. H. Russell, Jr., is charged by warrant in the County of Bibb, Georgia, with the crime of abandonment of minor child, and further recites that a duly certified copy of the (Georgia) warrant accompanies the requisition from the State of Georgia.

Appellant filed his petition for habeas corpus, before Honorable H. J. Brogden as Judge of the Probate Court of Covington County, Alabama. Said petition reads as follows:

"The petition of W. H. Russell, Jr., who is over the age of 21 years and who is a resident citizen of Covington County, Alabama, respectfully shows and represents unto your Honor:

"First. That he is now illegally restrained of his liberty and is imprisoned in the County jail of Covington County, Alabama at Andalusia in said county by Tom E. Head, sheriff of said County, the said Tom E. Head, as sheriff of said County restrains your petitioner under an extradition warrant issued by the Governor of Alabama dated ———— . A copy of said warrant and all allied documents including a copy of the requisition, indictment, warrant, or affidavit executed by the demanding State of Georgia has been requested by petitioner but at the time of the filing hereof the same have not been furnished petitioner, who is therefore unable to attach same hereto.

"Second. The warrant of the Governor of Alabama is void for non-compliance with

the mandatory provisions of the statutes of this State.

"Three. The warrant of the Governor of Alabama does not have attached thereto a copy of the indictment found or affidavit made before a magistrate, charging the alleged fugitive with commission of the crime.

"Four. The warrant of extradition issued by the Governor of Alabama is void for non-compliance with Section 52, Title 15 Alabama Code 1940.

"Fifth. The accused is not in fact a fugitive from justice.

"Sixth. Accused is not W. H. Russell but is W. H. Russell, Jr., the son of W. H. Russell.

"Seventh. The prosecution of the accused is in direct conflict with Section 68, Title 15, Alabama Code 1940 and this extradition is therefore unauthorized and void.

"Eighth. The prosecution issued in this case is not allowed by law.

"Ninth. The prosecution in this case is void in consequence of the defect in not complying with the law governing criminal extradition as outlined in Article 2, Title 15, Alabama Code 1940.

"Tenth. The demanding State of Georgia has not complied with the laws of the United States governing the extradition of criminals in that the records from said demanding State are not authenticated according to law as a basis for the extradition itself.

"Your petitioner prays that a writ of habeas corpus be issued, directed to said Tom E. Head, as sheriff of Covington County, Alabama commanding him to bring the body of your petitioner, W. H. Russell, Jr., before your Honor at the date and place to be by you appointed together with the cause of petitioner's detention."

From an adverse decision the appellant appealed to this court.

In a habeas corpus proceeding where extradition of petitioner is sought, the question of the guilt or innocence of petitioner as to the crime charged is not a proper inquiry. But the petitioner does have the right to show (1) that the process is void; (2) that he is not a fugitive, and (3) that his extradition would be in direct violation of the prohibition contained in Title 15, Section 68, of the Code of Alabama 1940, which provides:

"Not used to collect debt. — Nothing in this chapter shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

We have been furnished excellent briefs by respective counsel. In brief for appellant a full and thorough discussion of the pertinent points of decision involved are each fully discussed and insisted upon, but from the conclusion reached by the court, no necessity appears that requires a detailed discussion of other insistences notwithstanding they may contain merit. Hence we refrain from so doing as not being necessary to the conclusion.

After a careful and attentive study and consideration of the record, we are clearly of the opinion that the undisputed facts disclose that this proceeding was instituted for the purpose of directly or indirectly seeking to aid in the collection of a debt, demand or claim against the party sought to be extradited.

In our recent case of Scott v. State, 33 Ala.App. 328, 33 So.2d 390, 393, this court said:

"The criminal extradition chapter cannot be construed as authorizing the extradition of any person in this State to any other State where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

See also cases cited.

This record is replete with evidence, oral and written, which tends to show strenuous efforts to collect from the petitioner the sum of $1200 claimed to be due the prosecutrix, by petitioner, and these efforts, as shown by the undisputed evidence, were accompanied by insistent threats of prosecu-

54

tion if he failed or refused to pay the money.

It follows therefore that the order and judgment of the lower court was laid in error. Said order and judgment is hearby reversed and held for naught. An order is hereby rendered discharging the petitioner from further custody in this proceeding.

Reversed and rendered.