45 So.2d 43

### ADAMS et al. v. STATE.

### 6 Div. 20.

Supreme Court of Alabama.

March 9, 1950.

388

John A. Jenkins, of Birmingham, for petitioner.

A. A. Carmichael, Atty.Gen., and Wm. N. McQueen, Asst. Atty. Gen., opposed.

FOSTER, Justice.

This proceeding was begun by a writ of habeas corpus. The same proceeding was conducted for two parties, separately, but they have been consolidated and the same status exists as to them both, so what is here said applies to both.

The return to the writ of habeas corpus shows that the petitioner was held under a warrant issued by the Governor of this State upon a requisition of the Governor of the State of Illinois. The Governor's warrant is conceded by petitioner's counsel to contain the jurisdictional facts necessary to the issuance thereof. Russell v.

State, 251 Ala. 268, 37 So.2d 233; Title 15. section 54, Code.

The trial court denied the claim of petitioner for a discharge and ordered the petition dismissed. An appeal was taken to the Court of Appeals and that court affirmed the judgment of the trial court. A petition for certiorari has been presented to this Court and that is now being considered.

█ In briefs submitted in connection with that petition counsel for petitioner states that the answer and petition offered in behalf of the State made out a prima facie case for the purpose of extradition. He insists however that such prima facie case is subject to rebuttal or impeachment, but fails to recognize the fact that such rebuttal or impeachment is not authorized to the extent of an inquiry into the question of whether or not petitioner is guilty or innocent of the crime charged. Title 15, section 67, Code; State v. Parrish, 242 Ala. 7(20), 5 So.2d 828.

█ The only matters which are subject to inquiry are whether petitioner is a fugitive from justice from the State of Illinois, Title 15, section 49, Code; State v. Parrish, supra, and whether the extradition proceedings were sought to aid in the collection of a debt, demand or claim. Title 15, section 68, Code; Tingley v. State, 251 Ala. 452, 37 So.2d 680.

The particular matter which counsel for petitioner argues as being subject to rebuttal or impeachment relates to the affidavit of Cyril B. Davis. It is claimed by petitioner's counsel that said affiant may be impeached by showing contradictory statements made by him in the form of evidence given on the trial of a case relating to the same transaction in the United States District Court at Birmingham. The Court of Appeals on appeal in this case disposed of that contention showing that the objection to the evidence was properly sustained because the record does not show that the witness was in fact without the State and that the absent witness could not be impeached in this manner. But we think the objection should be disposed of on a different principle.

■ The record shows that the affidavit of Cyril B. Davis referred to is the affidavit which was made in Chicago upon the basis of which the warrant was issued against petitioner charging him with larceny of an automobile. Such affidavit is in evidence on the habeas corpus hearing as justifying the Governor's warrant and not proper to be considered in determining the guilt or innocence of petitioner, and was not made for any such purpose. It is but a preliminary affidavit necessary to support the warrant that was issued in Illinois. Affiant does not stand therefore in the attitude of a witness whose testimony was given in the habeas corpus case and therefore who was subject to impeachment. To impeach his affidavit would be material on an inquiry into the guilt or innocence of the petitioner, which is not available on this hearing.

The other reason given by the Court of Appeals why the ruling of the trial court should be affirmed in sustaining objection to the impeaching testimony is that although the testimony (if such it were) of a witness is in the form of an affidavit or deposition, the rule requires a predicate to be laid for the introduction of impeaching testimony, directing the attention of the witness to the time, place, person and supposed contradiction. That principle has been sustained by our cases, Simon v. Wyler, 222 Ala. 91, 130 So. 778; Baird Lumber Co. v. Devlin, 124 Ala. 245, 27 So. 425; Hughes v. Wilkinson, 35 Ala. 453, but we do not say it is applicable here. We prefer to base our approval of the ruling of the trial court upon the circumstance that the affidavit of Cyril B. Davis was not as the testimony of a witness given on the trial but only as justification of the issuance of the warrant in Chicago, so that we do not reach either theory upon which the Court of Appeals acted.

This is the only question insisted upon by petitioner and, therefore, the writ of certiorari is due to be denied.

Writ denied.

LIVINGSTON, LAWSON, SIMPSON and STAKELY, JJ., concur.