47 So.2d 662

## STUBBLEFIELD v. STATE.

### 8 Div. 912.

Court of Appeals of Alabama.
Aug. 8, 1950.

J. A. Johnson, of Fort Payne, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Resort to the criminal law to enforce the performance of a civil obligation is not permissible under the law.

In the instant case the record shows that this petitioner was engaged in the buying and selling of used cars in Alabama. That for a period of several years he had numerous dealings with the prosecutor in this proceeding, one R. S. Fry, who was in the same kind of business in the State of Illinois. That on or about the 14th day of November, 1949, Stubblefield (petitioner), went to Chicago and bought two used cars from prosecutor, at and for the price of $2,445. That petitioner told Fry that at that time he did not have that much money in the bank, and he, Fry, said "I will take your check." Petitioner gave him a check for that amount and returned to Alabama, and in a few days he paid to Fry $1175.00, which left a balance of $1,270 due to Fry. That on the 1st day of December 1949, he received a letter from Fry as follows:

"7445 Stony Island Avenue
"Chicago 49, Illinois
"Mr. Horton Stubblefield, the balance of that money must be here by Saturday and not later the 3rd of Dec.
                              "R. S. Fry."

From the foregoing and other facts of like import, we are of the opinion that this proceeding (an attempt to extradite petitioner) is clearly within the inhibition of Title 15, Section 68 of the Code of Alabama 1940, which reads as follows: "Not used to collect debt.—Nothing in this chapter shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

The facts of this case, and the points of decision involved, are practically the same as in the following cases by the appellate courts of this State. Hobbs v. Tennessee ex rel. State of Alabama, 30 Ala.App. 412, 8 So.2d 595, certiorari denied, 243 Ala. 102, 8 So.2d 596; Scott v. State, 33 Ala.App.

328, 33 So.2d 390; State of Tennessee v. Hamilton, 28 Ala.App. 587, 180 So. 306; Russell v. State, 251 Ala. 268, 37 So.2d 233.

Upon authority of the foregoing decisions, which as stated are conclusive of the points of decision involved in the case at bar, the judgment of the trial court is reversed, and a judgment here rendered discharging the appellant from further custody in this proceeding.

Reversed and rendered.