89 So.2d 228

Leonard BLACKWELL

v.

STATE.

6 Div. 283.

Court of Appeals of Alabama.

June 19, 1956.

Rehearing Denied Aug. 14, 1956.

Robt. G. Esdale and John H. Lair, Birmingham, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This is an appeal from order in a habeas corpus proceedings remanding petitioner to the custody of the Sheriff of Jefferson County.

The petitioner was held by the sheriff by virtue of a rendition warrant issued by the Governor of Alabama upon a request for requisition made by the Governor of Kentucky.

At the hearing below the State introduced the answer of the Sheriff of Jefferson County, and the rendition warrant of the Governor of Alabama. The rendition warrant is as follows:

"I. James E. Folsom, Governor of the State To any Sheriff, Coroner, Constable or other Officer authorized by law to make arrests—Send GREETING:

"Whereas, His Excellency, Emerson Beauchamp, Acting Governor of the State of Kentucky, by requisition dated the 12th day of August, 1955, has demanded of me, as Governor of the State of Alabama, the surrender of Leonard Blackwell, who, it appears, is charged by warrant of arrest, in the County of Todd in said State, with the crime of circulating worthless checks for more than $20.00 as shown by warrant of arrest (a duly certified copy of which warrant of arrest accompanies said requisition) and it appearing that said Leonard Blackwell has fled from justice in said State and taken refuge in the State of Alabama.

"Now Therefore, I, James E. Folsom, Governor of the State of Alabama, in obedience to the Constitution and Laws of the United States and the laws of the State of Alabama, do command you to arrest the said Leonard Blackwell if he be found within the limits of this State, and to deliver him into the custody of J. R. Mansfield, Sheriff, the duly authorized Agent (or Agents) of the State of Kentucky. And of the execution of this warrant you will make due return to me."

The warrant contains the necessary jurisdictional recitals, and its introduction established prima facie the lawfulness of petitioner's restraint.

The only point raised by counsel for appellant on this appeal is that the extradition of petitioner was sought, directly or indirectly, to aid in the collection of a debt, and therefore contrary to the provisions of Section 68, Title 15, Code of Alabama 1940.

In the hearing below the State also introduced as a witness Mr. Bert Covington

of Guthrie, Kentucky. Mr. Covington testified that he is in the grain and seed business in Guthrie.

In May 1954 the appellant called him long distance in reference to a truck load of seed corn. Being informed by Covington that he had such corn, petitioner said he would send for it, and send a check therefor by the driver of his truck.

Shortly thereafter appellant's driver, who had several times previously picked up loads of grain from Mr. Covington and given checks signed by petitioner, called for the load of corn.

He gave to Mr. Covington a blank check drawn on a Lewisburg, Tennessee bank, and signed by the petitioner. This check was later filled in for $840.75, and a notation placed in the lower left hand corner showing it to be "For 30975# y. corn."

The check was returned for insufficient funds, and Mr. Covington thereupon telephoned the petitioner. He was told by petitioner to "put the check right back through, and it will be taken care of." Mr. Covington told petitioner he would. However, he did not again present the check. We know from the Governor's rendition warrant that a warrant of arrest was thereafter issued in Todd County, Kentucky, charging petitioner with the crime of circulating worthless checks for more than $20.

Mr. Covington denied he had at any time threatened petitioner with criminal prosecution.

The petitioner testified that when he called Mr. Covington the first time he had told him he would send his driver for the corn, but had told Mr. Covington that he did not have sufficient deposits on hand at the time to cover the check, but that funds would be in the bank later.

He further testified that he did not authorize his driver nor anyone else to fill out the check.

On cross examination petitioner testified that he had ordered the corn from Mr. Covington, and gave his driver a blank check and told him to get the corn. He had sent his driver, with blank checks, on numerous occasions to Mr. Covington. The corn secured by the driver on the occasion the check in the present proceedings was delivered to Mr. Covington was later delivered to this petitioner.

In those cases wherein it has been held that the extradition proceedings were for the collection of a debt there was undisputed evidence of threats of criminal prosecution, or prior civil litigation involving the claim or debt, or that the payee of the check was informed at the time the check was given that there were not sufficient funds in the drawee bank to cover it. See Scott v. State, 33 Ala.App. 328, 33 So.2d 390; Russell v. State, 34 Ala.App. 52, 37 So.2d 231; Stubblefield v. State, 35 Ala. App. 419, 47 So.2d 662; Hobbs v. State of Tennessee ex rel. etc., 30 Ala.App. 412, 8 So.2d 595.

While in the present case the petitioner did testify that he informed Covington in his first telephone call that he did not have sufficient funds presently on deposit to cover the check, there is no intimation of such fact in the testimony of Mr. Covington. Certainly the fact that Covington called the petitioner upon being informed that the check had been turned down, and was told to put the check through again and it would be taken care of, raises inferences incompatible with the petitioner's version of this transaction.

■ The trial judge heard the witnesses testify, and was in better position to determine their credibility than we are. We do not feel we would be justified in disturbing his conclusions as evidenced by the judgment and order entered.

■ Further, the allied papers accompanying the request for extradition were not introduced in the hearing below, but only the rendition warrant of the Governor

of Alabama. Such warrant is aided by the presumption of official regularity. Morrison v. State, 258 Ala. 410, 63 So.2d 346.

Affirmed.

## On Rehearing

In their brief in support of appellant's application for rehearing counsel for appellant have said, in event the application is denied, that we extend our opinion to show that the check in question was dated 14 May, 1955, and that the notice of dishonor because of insufficient funds was dated 28 May, 1955.

We think we should state that the check was drawn on the Peoples Union Bank of Lewisburg, Tennessee, and was deposited by Covington in his bank, The Northern Bank of Tennessee, in Clarksville, Tennessee, and it was of course from this latter bank that the notice of dishonor was issued.

In connection with the check, there is also this notice by the reporter: "There appear on the back of the check above set out endorsements of two banks, together with cancellations in each instance, both of which are partially illegible and, consequently, incapable of being copied herein."

Application overruled.