91 So.2d 221

**John Loyd BEDSOLE**

v.

**STATE.**

**4 Div. 311.**

Court of Appeals of Alabama.

Nov. 27, 1956.

R. Clayton Wiggins, Dothan, for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CATES, Judge.

August 8, 1955 Bedsole applied to the Circuit Court of Houston County for habeas corpus to the sheriff of that county. The writ was issued and served August 8 and a hearing held August 11 at 9:00 a. m. upon the petition and the return and a supplemental return of the sheriff.

Bedsole alleged unlawful detention because of the illegal issuance of a Alabama rendition warrant predicated on a request from the Governor of Florida.

The sheriff's return stated Bedsole was held under (1) the warrant of the Governor of Alabama, (2) an affidavit and a fugitive warrant of the Houston Law and Equity Court, and (3) a judgment of that court sentencing Bedsole to a term of hard labor for the county on a charge of driving a motor vehicle while intoxicated.

Upon the hearing, the State offered in evidence a rendition warrant of the Governor of Alabama reciting a demand upon him by the Governor of Florida for Bedsole's surrender upon a charge by affidavit and warrant of assault to murder. The rendition warrant further recited that "a duly certified copy" of the affidavit accompanied the Florida Governor's requisition. This rendition warrant, dated July 27, 1955, commanded the arrest and delivery of Bedsole to a named agent of the State of Florida. Next the solicitor offered the sheriff's returns to the writ and rested.

Whereupon the prisoner demanded of the State the production of the Florida Governor's requisition, together with a certified copy of the affidavit made before the magistrate in Florida.

After a colloquy between bench and bar, the court granted (over Bedsole's objection) a recess to allow the State time to get a certified copy of the original affidavit and warrant, apparently from Marianna, Florida. Upon reconvening at 11:20 a. m. the State produced and offered in evidence a copy from the County Judge's Court of Jackson County, Florida, of what was certified by the judge thereof to be "the Original Affidavit and Warrant in Re: State of Florida vs. John Lloyd Bedsole" whereunder complaint was made against and Bedsole's arrest ordered for an assault and battery with intent to murder. Bedsole objected to the introduction of this copy on the ground that it was not authenticated by the Governor of Florida. This objection was overruled.

The hearing ended after the State offered parol evidence that Bedsole, whether called John L. or John Loyd, was one and the same person.

The court entered judgment remanding Bedsole to the sheriff for delivery to the agent of the Governor of Florida. It is from that judgment that the appeal to this court was taken.

The sole question necessary for decision is whether or not Bedsole made a timely demand for the production of the requisition of the Governor of Florida and the papers required by Section 50 of Title 15, 1940 Code.

We think not. After the State had introduced the rendition warrant, which was in form like that set forth in Blackwell v. State, Ala.App., 89 So.2d 228,[1] the burden of proceeding then devolved upon the prisoner. It is to be noted that no prayer for production of the documents appears in the petition for the writ of habeas corpus. Even though the State produced and offered in evidence the Florida warrant of arrest and affidavit of complaint without their being authenticated by the Governor of Florida, this did not negative the prior showing that there was a production of the proper papers before the Governor of Alabama. The petitioner had time to have made inspection of the files in the capitol in Montgomery.

Upon the authority of Johnson v. State, 261 Ala. 1, 72 So.2d 863, we hold the demand was not timely.

There being no error in the record, the judgment below is ordered to be affirmed.

Affirmed.

1. Ante, p. 562.