130 So.2d 351

**H. C. WILLIAMS**

v.

**STATE.**

**4 Div. 437.**

Court of Appeals of Alabama.

Dec. 6, 1960.

Application for Rehearing Stricken Jan. 17, 1961.

F. P. Samples, Curtis & Samples, Phenix City, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

PRICE, Judge.

This appeal is taken by the appellant from a judgment of the Circuit Court of Russell County denying his petition for discharge on habeas corpus and remanding him to the custody of the Sheriff of Russell County for delivery to the authorized agent of the State of Georgia. This cause was submitted on the merits and on the state's motion to strike the record and dismiss the appeal.

## Motion to Dismiss

The motion to strike the record and dismiss the appeal is upon the ground that the transcript was not filed in this court within thirty days from the rendition of judgment as required by Title 15, Section 369, Code of Alabama 1940. The judgment was entered on April 19, 1960, and the transcript filed in this court on June 6, 1960. On June 3, 1960 the Circuit Judge entered an order extending the time for filing the transcript to June 18, 1960. This is in accord with Supreme Court Rule 37, as amended, Code 1940, Tit. 7 Appendix, which under Supreme Court Rule 47 applies to appeals in habeas corpus cases. The trial judge may make an order, after the expiration of the thirty day period, extending the time for filing the transcript for thirty days, provided he does it so as to permit the transcript to be filed within the second thirty day period. Wanninger v. Lange, 268 Ala. 402, 108 So.2d 331; Terry v. State, 264 Ala. 133, 85 So.2d 449. The transcript having been filed here within the additional thirty days, the motion to strike the transcript of the record and dismiss the appeal must be overruled.

## On the Merits

H. C. Williams was arrested by the Sheriff of Russell County under a warrant issued by the Governor of Alabama upon requisition of the Governor of Georgia. The rendition warrant recites:

"Whereas, His Excellency, S. Ernest Vandiver, Governor of the State of Georgia, by requisition dated the 17th day of March, 1960, has demanded of me, as Governor of the State of Alabama, the surrender of H. C. Williams who, it appears, is charged by accusation, in the county of Fulton in said State, with the crime of cheating and swindling (2 counts fraud check) as shown by accusation (a duly certified copy of which accusation accompanies said requisition) and it appearing that said H. C. Williams has fled from justice in said State and taken refuge in the State of Alabama."

After his arrest, appellant filed petition for habeas corpus to test the validity of his detention.

The rendition warrant, the requisition, and the supporting papers were introduced in evidence by the state. Appellant now asserts that the request for requisition did not comply with the laws of Georgia. We have examined the record and can find nothing for us to review regarding this point. This was not put in issue on the trial below and, in fact, these documents were admitted without objection and were admitted by appellant to make out a prima facie case. Moreover, from our examina-

tion of the warrant and supporting papers, we find they contain the necessary requisites for validity. Morrison v. State, 258 Ala. 410, 63 So.2d 346; Title 15, Sections 52, 54 Code of Alabama 1940.

■ It was appellant's contention below that the extradition proceedings were instituted for the purpose of collecting a debt, contrary to the provisions of Title 15, Sec. 68, Code of Alabama of 1940. His evidence tended to show that on January 18, 1960, he purchased livestock from the Atlanta Horse & Mule Company, paying for his purchases with two checks. This was on Monday. Appellant stated he informed Mr. Waters and Mr. McMullan, of the Atlanta Horse & Mule Company, when the checks were given that there were insufficient funds in the bank to cover them, and they promised to hold the checks until Thursday, but did not keep their promise. After the checks failed to clear the bank Mr. Waters came to see appellant about collecting for the checks. Partial payment was offered by appellant and was refused by Mr. Waters.

For the state, Mr. C. M. McMullan testified when the checks were given, Mr. Williams said he had sufficient money in the bank to cover them. So far as he knew there was no agreement to hold the checks until Thursday.

The appellant testified that prior to January 18, 1960, he purchased horses and mules from the Atlanta Horse & Mule Company and paid for them by check and most of the time there were insufficient funds in the bank to cover these checks. This question was then asked:

"Q. Have you had any agreement with the partners of Atlanta Horse & Mule Company concerning when these checks would be deposited?"

The court sustained the state's objection as to what had occurred in prior transactions.

■ Appellant contends the court's ruling was erroneous because the offered evidence was "essential to prove his state of mind, motive and intent." The guilt or innocence of accused is not in issue in extradition proceedings, and evidence tending to show guilt or innocence is irrelevant. Title 15, Sec. 67, Code 1940; Adams v. State, 253 Ala. 387, 45 So.2d 43; State v. Parrish, 242 Ala. 7, 5 So.2d 828. Therefore, the offered evidence was not admissible for the purpose of showing state of mind, motive or intent. Of course, evidence tending to show that extradition is sought to aid in the collection of a debt is admissible. Bishop v. State, 38 Ala.App. 667, 92 So.2d 323; Kilgore v. State, 261 Ala. 465, 75 So.2d 126; Tingley v. State, 251 Ala. 452, 37 So.2d 680.

■ This question was propounded to the state's witness McMullan on cross-examination:

"Q. I ask you if Mr. Waters has ever asked you to hold Mr. Williams' check? You might recall that."

The witness answered:

"There has been a time, I think, back in the past—what I mean by 'in the past,' probably in the year 1959, I might have held one, a time or two, yes sir, for several days."

If it be conceded, which we do not, that the offered evidence may have had some bearing on the question of debt, we feel the error, if any, in refusing to admit it, was rendered harmless by the subsequent elicitation from the state's witness of essentially the same facts sought to be shown by the evidence offered. Supreme Court Rule 45.

In Blackwell v. State, 38 Ala.App. 562, 89 So.2d 228, 230, we held:

"In those cases wherein it has been held that the extradition proceedings were for the collection of a debt there was undisputed evidence of threats of criminal prosecution, or prior civil litigation involving the claim or debt, or that the payee of the check was informed at the time the check was given

that there were not sufficient funds in the drawee bank to cover it. See Scott v. State, 33 Ala.App. 328, 33 So.2d 390; Russell v. State, 34 Ala.App. 52, 37 So. 2d 231; Stubblefield v. State, 35 Ala. App. 419, 47 So.2d 662; Hobbs v. State of Tennessee ex rel. etc., 30 Ala.App. 412, 8 So.2d 595."

The evidence here was in dispute as to whether the payee of the checks was informed at the time they were given that there were insufficient funds to cover them. The conflict in the evidence was for the trial court's determination. We are not convinced that his finding was contrary to the preponderance of the evidence. Gambrell v. Bridges, 39 Ala.App. 5, 96 So.2d 178.

Affirmed.