COOPER *v.* STATE.

(Division B.   Dec. 7, 1942.)

[10 So. (2d) 764.   No. 35135.]

Cephus **Anderson**, of Hattiesburg, for appellant.

**Greek L. Rice**, Attorney General, by **R. O. Arrington**, Assistant Attorney General, for appellee.

Argued orally by Cephus Anderson, for appellant, and by R. O. Arrington, for appellee.

Griffith, J., delivered the opinion of the court.

The county prosecuting attorney of Forrest County made an affidavit before the circuit clerk charging appellant with a misdemeanor. The affidavit was duly filed in the county court, and the clerk of that court forthwith issued a capias for the arrest of the appellant. The warrant was executed by the sheriff, and appellant gave bond for his appearance.

When the next term of county court came on, appellant failed to appear and was tried in his absence and convicted. He prosecutes an appeal on the contention that the capias for his arrest was issued by the clerk of the county court without any order therefor by the county judge, and for this reason was invalid, so that the court acquired no jurisdiction over the person of appellant. We are of the opinion that the point is not well taken.

Section 2964, Code 1930, which has been in our statutes since early days, reads as follows: "The style of all processes shall be, 'The state of Mississippi,' and it shall not be necessary that any process bear teste in the name of any judge or of any term of the court, but all process, except where otherwise provided, shall be issued and signed by the clerk of the court, with the seal of his office affixed, and shall bear date of the day on which the same shall be issued." The term "process" includes the ordinary warrant for arrest, 50 C. J., p. 443, 34 Words and Phrases, Perm. Ed., p. 160, and certainly so when taken in connection with Section 1218, Code 1930, which opens with the sentence that "the process for arrest on an indictment shall be a capias," etc. Time out of mind,

the warrants for the arrest of persons charged by indictment have been issued in this state by the clerks, as of course.

Section 694, Code 1930, so far as here pertinent, reads as follows: "The said county court shall have jurisdiction of and shall proceed to try all charges of misdemeanor which may be preferred by the district attorney or by the county prosecuting attorney on affidavit sworn to before the circuit clerk of the county; and prosecutions by affidavit are hereby authorized in misdemeanor cases under the same procedure as if indictments had been returned in the circuit court and same had been transferred to the county court." Inasmuch as the affidavit of the district attorney or county prosecuting attorney in the institution of a prosecution for misdemeanor in the county court takes the place of an indictment in the circuit court, the process on the charge of misdemeanor so made is a capias to be issued by the clerk of the county court under the general statute first above copied. See also first paragraph, Section 696, Code 1930.

Appellant relies on Martin v. State, 190 Miss. 32, 199 So. 98. The case is not in point. There the clerk attempted to act as a conservator of the peace, not as the clerk of his court.

The other assignments urged by appellant have been considered, but none of them present grounds for a reversal.

Affirmed.