37 So.2d 678

### TINGLEY v. STATE.

### 6 Div. 692.

Court of Appeals of Alabama.
Aug. 13, 1948.

Rehearing Denied Oct. 5, 1948.

H. L. Anderton, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

CARR, Judge.

Harold N. Tingley, the petitioner below, was arrested under the authority of a governor's warrant issued on a requisition of the Governor of the State of California. The said warrant recites that the petitioner "is charged by Complaint and Supporting Papers, in the County of Los Angeles in said State, with the crime of Grand Theft —48 Counts."

The accused sued out a writ of habeas corpus seeking his discharge. The writ was denied by the court below, and this appeal followed.

It may be accurately stated that the proceedings below were rather informal, but a fair and reasonable interpretation of the record leads to the inevitable conclusion that the judge presiding denied the petitioner the privilege of attempting to prove that the extradition proceedings sought to aid in the collection of a debt or demand arising out of some business enterprise in which

petitioner was engaged in the State of California.

Title 15, Section 68, Code 1940, provides: "Nothing in this chapter shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

See also, Russell v. State, Ala.App., 37 So.2d 231[1]; Scott v. State, 33 Ala.App. 328, 32 So.2d 390; Hobbs v. State, 30 Ala. App. 412, 8 So.2d 595.

Unquestionably, in line with the authorities, the State made a prima facie case for holding petitioner in custody as a fugitive from justice. However, this fact did not preclude the accused from countering with evidence in an attempt to establish his contention that the warrant of the governor was issued in a case not authorized by law. State of Tennessee v. Hamilton, 28 Ala. App. 587, 190 So. 306; Hobbs v. State, supra.

We do not wish to be understood as holding that, if the tendered testimony had been allowed, the petitioner would have been entitled to his discharge from custody. We express no opinion on the sufficiency of the evidence.

Our conclusion is that the court below fell into error by disallowing the effort to make the proof and for this reason the cause should be remanded for further proceeding in consonance with the views herein expressed.

Reversed and remanded.

HARWOOD, Judge (dissenting).

As stated in the majority opinion the evidence submitted by the State in the proceedings below clearly established a prima facie case for holding petitioner as a fugitive from justice, and his ultimate relinquishment to California authorities for return to that State for trial.

In his traverse to the sheriff's return and answer the petitioner sets forth that in the hearing before the representative of the Governor of Alabama, on the question of whether the Governor would issue his warrant for the arrest of petitioner as a fugitive, one Robert G. Johnston stated "if all money lost is paid back the probability is that the cases would be dismissed," and "We do not claim that he stole one dime."

In the proceedings below it appears that the State sought to introduce certain documentary evidence. The court admitted this evidence and in this connection made certain remarks. In so far as this appeal is concerned the following portion of the ensuing colloquy between court and counsel is pertinent:

"My thought is this: This makes out a prima facie case, I think, and I so hold. I haven't heard anything from you, Mr. Anderton, that will overcome that prima facie case. And, referring to what Mr. Johnston said: Mr. Johnston isn't here, and there has been no opportunity for the predicate to be laid, and for him to be asked if he made those statements at that time and place; and it wouldn't be evidence that I would consider as competent evidence on this hearing.

"Mr. Anderton: We have four witnesses here to prove it.

"The Court: That was had before Miss Price; and I don't know whether he was sworn, or subjected to cross examination, or anything about it.

"Mr. McCall: May we introduce it? (referring to above mentioned exhibit).

"The Court: I will admit it in evidence. I will let that go in.

"Mr. Anderton: We make a motion to exclude that.

"The Court: Overruled.

"Mr. Anderton: We except. I offer to show the Court that this man Tingley is not a fugitive from justice.

"Mr. McCall: You admitted that a while ago.

"Mr. Anderton: No I didn't admit any such thing. The definition of a 'fugitive from justice' has never been brought out.

1. Ante, p. 52.

"The Court: He stated he left under a cloud, a criminal cloud, out there, so as to characterize him as a fugitive from justice. That don't require my going into the merits of the case, and I don't think I should do it. I read what was said there at the outset of the case; and I don't see any use prolonging this.

"Mr. Anderton: We offer to show the Court authorities and convince you to the contrary.

"The Court: Overruled.

"Mr. Anderton: We except. And I am offering this to support my answer to the return.

"The Court: Will you give me that in writing?

"Mr. Anderton: We except to the ruling of the Court, and give notice of appeal to the Supreme Court of Alabama.

"The Court: If you should like an opportunity to convince me of your authority, I will be back at two o'clock and hear you at that time, if you have any authority, and rule at that time the way I feel like I should under the law. But I will just state, as I see it now, and taking your contention as to what you say and what you read to me, your petition and all, in the most favorable light, you haven't made out a case for granting this petition. I think, under this warrant, it is sufficient; and I think the warrant issued against the defendant in California is not void. He has admitted being here; and that is the same question referred to in the warrant from the Governor of California and from the Governor of Alabama. And he admitted coming to Alabama from California, and the Governor issued a warrant out there against him; so I don't think you have anything to justify my granting this.

"Mr. Anderton: We except to the ruling of the Court.

"The Court: As I see this case—I don't want to be unjust to anybody—but as to granting your petition on what you say there, I still don't think you are entitled to my granting a writ of habeas corpus. If you want me to hold this up for consideration and argument, I will hear from you, but I don't think it will justify me in issuing this writ. *I don't mind hearing your defense,* but I don't think it is sufficient. (Italics ours.)

"Mr. Anderton: We except to the ruling of the Court.

"The Court: I will hold up my ruling, and let him remain under the same bond until morning. As I see it, what you have I don't think would be sufficient. I will just hold this up until morning.

"(Adjournment taken until 10:00 A. M., 6/12/48.)"

When court met the next morning defendant's counsel's efforts were directed solely toward making a motion for a rehearing and obtaining a ruling from the court on said motion, the court denying such motion after correctly questioning its propriety in a proceeding of this nature.

Realizing fully the precious character of the writ of habeas corpus, and that its efficiency as a weapon by those illegally restrained of their liberty must not be hamstrung by fine spun theories of technical pleading or procedure, yet this broad view of such proceeding cannot be so interpreted as to supply basic elements essential to a petitioner's case where those elements are otherwise lacking.

Indeed, Section 369, Title 15, Code of Alabama 1940, pertaining to appeal in habeas corpus cases provides, among other things, that "the appellate court shall consider the case on the record and the evidence *as set forth."* (Italics ours.)

In his traverse to the Sheriff's answer filed in this cause the petitioner alleged certain statements made by Mr. Johnston who signed the complaint in California. The entire context of these alleged statements is not set forth. Lifted from their context these statements are more or less meaningless. The request for extradition of this petitioner was by the State of California acting through its duly constituted officials. None of these officials have indicated any diminution in their intent to prosecute this case fully.

Regardless, the burden of proving the allegations of his traverse rested on the petitioner. The record discloses no evidence tending to support his allegations. His mere

denial of the charges avails him nothing in the absence of supporting evidence.

True, counsel for petitioner did state in the colloquy with the court above set out that he had four witnesses to prove that Johnston made these alleged statements. These witnesses were not however offered by petitioner. As I read this record it appears that the trial court was quite indulgent in the entire proceedings, and nothing said by the trial court could be reasonably construed as preventing the petitioner from at least tendering any witness he wished to present.

Being of the opinion that the petitioner has entirely failed to offer any evidence tending to establish his pleadings in this case, and without even invoking the presumption in favor of the findings of the trial judge, necessary and usual in such cases, I am of the opinion that judgment entered by the court below is correct and should be affirmed. I therefore respectfully dissent from the opinion and decision of my associates.