37 So.2d 680

### TINGLEY v. STATE.

6 Div. 808.

Supreme Court of Alabama.

Nov. 18, 1948.

Rehearing Denied Dec. 16, 1948.

A. A. Carmichael, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the petition.

H. L. Anderton, of Birmingham, opposed.

SIMPSON, Justice.

The State petitions for writ of certiorari. The Court of Appeals, by a divided court, reversed and remanded a judgment in a habeas corpus proceeding rendered by the Hon. Robert J. Wheeler, circuit judge of Jefferson County, Alabama, denying the discharge from custody of Harold Nelson Tingley (appellant in the Court of Appeals), held under an extradition warrant issued by the Governor of Alabama on the request of the Governor of California.

The defense to the extradition was that the proceedings were instituted in aid of the collection of a debt, demand, or claim against the fugitive, under which circumstances extradition would be unauthorized. Code 1940, Title 15, § 68.

The majority opinion of the Court of Appeals found as a fact that "the judge presiding denied the petitioner the privilege of attempting to prove that the extradition proceedings sought to aid in the collection of a debt or demand arising out of some business enterprise in which petitioner was engaged in the State of California." 37 So.2d 678.

We have given the record our very careful scrutiny and are in accord with the majority holding. We entertain the view that the opinion of Judge Carr gives a fair interpretation of the record. In view, however, of the earnest dissent by Judge Harwood and cogent argument advanced by the learned Assistant Attorney General, we think a short statement of our views in order.

There is no doubt, as expressed in the majority opinion, that the proceedings were conducted rather informally, but it was made plain by the presiding judge that he did not and would not consider as relevant

and material any testimony of the proffered witnesses to the effect that the person who preferred the charges against Tingley in California, and who seemingly proceeded to Alabama for the purpose of procuring the extradition, had made statements at the extradition hearing before the Governor indicating that the purpose of extradition was to collect a debt or claim against the alleged offender.

This evidence would have been competent and, if credited, would have afforded an inference to be considered in connection with the fugitive's claim and should have had the careful consideration of the trial judge.

In view of the liberal rule pertaining in proceedings of habeas corpus and the universal concept that such a hearing should be transacted unfettered of rules of technical pleadings or procedure, we think the ends of justice would require another hearing to the end that the hearing judge allow and give due consideration to any and all evidence which might show that the real purpose of the extradition was for the collection of a debt and if so, transgressive of said § 68, Title 15, of our Code.

Code 1940, Title 15, § 369, in setting forth the method of appeal in habeas corpus cases, does provide "the appellate court shall consider the case on the record and the evidence as set forth, and if the judgment of the trial court is * * * erroneous, the appellate court shall render such judgment as the trial court should have rendered." But this provision contemplates the allowance and consideration at the hearing of all legal evidence and when, as here construed, the judge hearing the case evinced his disregard of and laid aside from consideration evidence relevant to the issues involved, the reviewing court is within its authority in noticing the error and reversing the case for another hearing, with a view of giving consideration to the contemplated evidence.

Writ denied.

FOSTER, LAWSON, and STAKELY, JJ., concur.