75 So.2d 126

James V. KILGORE

v.

STATE.

6 Div. 681.

Supreme Court of Alabama.

Oct. 7, 1954.

Huey & Hawkins, Wm. N. Hawkins, Birmingham, for appellant.

466

Si Garrett, Atty. Gen., and Maury D. Smith, Asst. Atty. Gen., for the State.

STAKELY, Justice.

This is an appeal from the judgment of the circuit court denying James V. Kilgore (appellant) a discharge on habeas corpus and ordering him remanded to the custody of the Sheriff of Jefferson County to be delivered to the authorized agent of the State of Tennessee.

James V. Kilgore was arrested by the Sheriff of Jefferson County, Alabama, under a warrant issued by the Governor of Alabama upon a requisition of the Governor of the State of Tennessee. James V. Kilgore (appellant) was charged by indictment in Shelby County, Tennessee, with the offense of obtaining money and property through false pretense.

At the hearing before the circuit court James V. Kilgore sought to show that he was being extradited for the collection of a debt and not for obtaining money and property through false pretense. He bases his right on § 68, Title 15, Code of 1940, which is as follows:

"Nothing in this chapter shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

The salient facts in the case appear to be as follows: On April 14, 1953, the Rev. A. L. Mallory contracted with the ABC Home Service Company, a partnership of which James V. Kilgore was a member, and which was doing business in Shelby County, Tennessee, to make some improvements on his home for a consideration of $1,400, the amount of $140 thereof to be paid in cash at the time the contract was made. The cash payment of $140 was paid at the time the contract was made and the additional amount of $1,260 was later paid to the ABC Home Service Company. After the Rev. A. L. Mallory paid the $1,400 to the contractor, ABC Home Service Company, a materialman's lien was placed against his property for $553.75, for materials which he had paid for when he made the aforesaid payment to the contractor. The Rev. A. L. Mallory testified that the only complaint that he had was the fact that a lien had been placed against his property, but that the contractor "did the work all right."

James V. Kilgore offered to make certain proof to which the State objected on the ground that the evidence sought to be introduced "is going into the guilt or innocence of the defendant." A number of questions were objected to on the same ground, all of the objections being sustained. Finally the following question was asked, "Now, then, Mr. Kilgore, after you learned of this lien against Rev. Mallory's property and after you learned the police were looking for you, did you later have a conversation with Mr. Jenkins and Mr. Tom Eubanks, of the H. W. Jenkins Lumber Company?" The foregoing question was objected to without the statement of any new or different ground and the court sustained the objection. The attorney for James V. Kilgore then said: "We except, and for grounds of exception: We are attempting to show this, Your Honor, that H. W. Jenkins Lumber Company claims to have an indebtedness owed by this man in the amount of something like $2,500.00; that they were unable to bring any charge against this man, James V. Kilgore, and that they attached or placed a lien against the property of Rev. A. L. Mallory upon which this prosecution is based, and, after placing such lien, that they attempted to use that to force this man to pay the debt." Despite the statement of counsel, the court refused to allow

the proof which was tendered, saying that he "had already ruled on that", to which ruling the petitioner excepted.

The State introduced in evidence the warrant issued by the Governor of Alabama, charging the petitioner with having committed a crime in the State of Tennessee. There is no question in the case as to the identity of the person charged with this offense. It was agreed that the petitioner was in the State of Tennessee at the time of the commission of the act and that subsequently he came to the State of Alabama.

The State introduced in evidence a copy of the Tennessee statute, which reads as follows:

"Any contractor, sub-contractor or other person who, with intent to defraud, shall use the proceeds of any payment made to him on account of improving certain real property for any other purpose than to pay for labor performed on, or materials furnished by his order for, this specific improvement, while any amount for which he may be or become liable for such labor or materials remains unpaid, shall be guilty of a felony and punished accordingly." (Vol. 5, 1934 Williams' Tenn. Code, § 7944–A).

It appears to be conceded that the Governor's warrant contained the jurisdictional facts necessary to the issuance thereof. Adams v. State, 253 Ala. 387, 45 So.2d 43; Russell v. State, 251 Ala. 268, 37 So.2d 233; § 54, Title 15, Code of 1940. Furthermore our cases make it clear that the guilt or innocence of the accused in an extradition proceeding is not presented and may not be inquired into except as it may be material in identifying the person charged and that he was or was not a fugitive from justice. Tingley v. State, 34 Ala.App. 379, 41 So.2d 276, certiorari denied 252 Ala. 520, 41 So.2d 280; State v. Shelton, 30 Ala.App. 484, 8 So.2d 216; State v. Parrish, 242 Ala. 7, 5 So.2d 828.

This brings us to a consideration of what appears to be the pivotal question in the case and that is whether or not the court refused to admit evidence tending to show that the extradition proceedings directly or indirectly seek to aid in the collection of a debt. If the evidence so tended, then such evidence should have been admitted by the court. State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306; Scott v. State, 33 Ala.App. 328, 33 So.2d 390. Furthermore this court has said that a liberal rule pertains to proceedings on habeas corpus and such a hearing should be held "unfettered by rules of technical pleading or procedure" and the trial judge in a case of this kind should allow and give due consideration to any and all evidence which might show that the real purpose of the extradition was for the collection of a debt. Tingley v. State, 251 Ala. 452, 37 So.2d 680. The language of § 68, Title 15, Code of 1940, is broad and provides that extradition of any person in this state shall not be had where the extradition proceedings directly or indirectly seek to aid in the collection of any debt. The court excluded the evidence to which we have referred on the theory that it was not the province of the Alabama Court to inquire into the guilt or innocence of accused as that was a matter solely to be considered by the Tennessee Court.

Upon a consideration of the matter, however, it seems to us that the evidence of the alleged conversation set out above which was rejected should have been admitted in evidence and considered by the court. It can be well understood that the Rev. A. L. Mallory did not want to pay twice for materials furnished by H. W. Jenkins Lumber Co. This he would be obliged to do if the lien was established against his property and he wanted to save his property. Accordingly if James V. Kilgore was in this way forced to pay his indebtedness to H. W. Jenkins Lumber Company, there would be no liability on the property of Rev. A. L. Mallory. How could the true purpose of the proceedings against James V. Kilgore better be shown than by the statements of those connected with the H. W. Jenkins Lumber Company?

468

We are simply saying that the offered evidence should have been allowed and considered by the court. Tingley v. State, 34 Ala.App. 145, 37 So.2d 678, certiorari denied 251 Ala. 452, 37 So.2d 680. We are not undertaking to say what conclusion the court should have reached.

Reversed and remanded.

All the Justices concur.