322

78 So.2d 644

**Charles SEIBOLD et al.**

v.

**STATE.**

**6 Div. 810.**

Supreme Court of Alabama.

March 10, 1955.

Huey & Hawkins, Birmingham, for appellants.

Robt. Straub, Asst. Atty. Gen., and Owen Bridges, Montgomery, of counsel, for the State.

STAKELY, Justice.

This is an appeal from the judgment of the circuit court denying Charles Seibold and Gene Reiley alias Eugene Riley a discharge on habeas corpus and ordering them remanded to the custody of the Sheriff of Jefferson County to be delivered to the authorized agent of the State of Florida.

The appellants were arrested by the Sheriff of Jefferson County, Alabama, under a warrant issued by the Governor of Alabama upon a requisition of the Governor of the State of Florida. They were charged with the crime of obtaining property by false pretense, alleged to have been committed in Volusia County in the State of Florida.

At the hearing before the court the petitioners (appellants) sought to show that they were being extradited for the collection of a debt and not for obtaining property through false pretense. They base their right on the provisions of § 68, Title 15, Code of 1940, which is as follows:

"Nothing in this chapter shall be construed as authorizing the extradition of any person in this state to any other state where the extradition proceedings, directly or indirectly, seek to aid in the collection of any debt, demand or claim against the party sought to be extradited."

Counsel for petitioners sought to elicit testimony relative to a letter said to have been written by one Otis L. McCullough, a constable in the State of Florida. The witness was not allowed to answer the following question propounded to him.

"Q. Now, then, Mr. McCullough, after the arrest of these defendants

and after they were in custody here in Birmingham, Jefferson County, Alabama, did you write a letter, stating that all Morris W. Richards wanted was his money, and that they could pay it off by paying $40.80 Court costs in addition to the amount involved?"

The petitioners then called to the witness stand J. E. Allbritton, a detective for the City of Birmingham, and through him the letter which has been referred to was sought to be proved. The contents of the letter written by the witness McCullough to the witness Allbritton was in substance that the appellants owed a concern in Daytona Beach, Florida, and that upon payment of the indebtedness the warrants would be dropped. The court excluded the letter.

We have recently had occasion to discuss questions involved in a case of this kind. Kilgore v. State, 261 Ala. 465, 75 So.2d 126; Tingley v. State, 34 Ala.App. 379, 41 So.2d 276, certiorari denied 252 Ala. 520, 41 So.2d 280. It is clear that evidence which tends to show that the extradition is sought to aid in the collection of a debt should be admitted but this means that the evidence must be competent, relevant and material. 39 C.J.S., Habeas Corpus, § 100, p. 673.

In the case at bar the person who wrote the letter which was offered in evidence was a constable in the State of Florida but has no connection with the case except that he is the agent authorized by the State of Florida to receive appellants for extradition. Accordingly, the contents of such letter, neither written by nor to one of the parties interested in the litigation, is hearsay and therefore incompetent. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773; Southern Life & Health Ins. Co. v. Williams, 230 Ala. 681, 163 So. 321.

The judgment of the lower court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.