83 So.2d 315

### James V. KILGORE

v.

### STATE.

6 Div. 836.

Supreme Court of Alabama.

Nov. 10, 1955.

Huey & Hawkins, Birmingham, for appellant.

John Patterson, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., and Edmon L. Rinehart, Montgomery, of counsel, for the State.

STAKELY, Justice.

This is the second appeal in this case. The first appeal is reported in Kilgore v. State, 261 Ala. 465, 75 So.2d 126. Like the first appeal, this appeal is from a judgment of the circuit court denying James v. Kilgore (appellant) a discharge on habeas corpus and ordering him remanded to the custody of the Sheriff of Jefferson County to be delivered to the authorized agent of the State of Tennessee.

James V. Kilgore was arrested by the Sheriff of Jefferson County on a warrant issued by the Governor of Alabama upon a requisition of the Governor of the State of Tennessee. He was charged by indictment in Shelby County, Tennessee, with the offense of obtaining money and property through false pretense. The defense sought to be established was that he was being extradited for the collection of a debt. This defense is based on § 68, Title 15, Code of 1940.

Reference to the opinion on the first appeal to which we have referred will show the evidence in the case and the contentions of the litigants. It will be observed that the judgment of the court on the first appeal was reversed because of the refusal

of the court to admit certain testimony offered by James V. Kilgore. The testimony which was refused on the first trial was admitted in evidence on the trial now under review.

The court on the second trial despite the additional testimony, denied the writ and refused to discharge the prisoner. We find no error in the ruling of the court because it was the function of the court to evaluate the testimony. In our previous opinion we held the testimony offered should have been admitted and considered by the court but expressly refused to say what conclusion the court should reach.

Error is predicated on the statement of the trial judge, "I don't see how the Supreme Court reversed it before, to be frank with you." Such a remark is not in keeping with our system of appellate court review. Owens v. State, 19 Ala.App. 621, 622, 99 So. 774. The case, however, was not tried before a jury and from our examination of the entire record we are not convinced that there was prejudicial error.—Supreme Court Rule 45.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.