124 So.2d 462

**STATE of Alabama**

**v.**

**Ed MASSEY.**

**6 Div. 593.**

Supreme Court of Alabama.

Nov. 17, 1960.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for appellant.

Rogers, Howard & Redden and Wm. H. Mills, Birmingham, for appellee.

**398**

LIVINGSTON, Chief Justice.

This is an appeal from a judgment rendered on May 6,.1960 by the Circuit Court of Jefferson County, Alabama, granting a writ of habeas corpus discharging petitioner, Ed Massey.

The petitioner, Ed Massey, was arrested on April 23, 1960 pursuant to a warrant issued by the Governor of Alabama on April 14, 1960. Said warrant was issued at the request of the Governor of the State of New Jersey and charged the petitioner under an indictment with the offense of obtaining money under false pretense.

On April 23, 1960, the petitioner presented a petition for a writ of habeas corpus to the Honorable Wallace Gibson, Circuit Judge of Jefferson County, seeking his release on the ground that the proceedings were instituted for the collection of an alleged debt.

. It is alleged that Ed Massey, the petitioner, had traded to Mr. Jack Canova, a car dealer in Bergen County, New Jersey, an automobile which did not belong to Ed Massey, for another automobile. As a result of said trade, Mr. Jack Canova allegedly had a claim against Mr. Massey for $4,950.

Mr. Jack Canova was represented by a Mr. Lawrence Garofalo, an attorney, who attempted to collect said claim. Mr. Canova signed a complaint against Mr. Massey to start criminal action in 1953, and he admits that his attorney, Mr. Garofalo, has had correspondence with Mr. Rogers, the attorney for Mr. Massey, in an attempt to settle this claim.

There is but one question presented for our consideration by the brief of appellant;

that being the propriety of the trial court's admitting eleven letters into evidence, said letters alleged to have been written by Mr. Garofalo, attorney for Canova, to Mr. Rogers, attorney for Massey.

Appellant contends that the signature on the letters was never properly identified and that the letters were irrelevant, incompetent and immaterial.

The position of the petitioner was that the purpose of the extradition proceedings was to aid in the collection of a debt.

■ If the letters show that the real purpose of the extradition is for the collection of a debt, then they would certainly be material and relevant to this cause and should be admitted. Kilgore v. State, 261 Ala. 465, 75 So.2d 126; Tingley v. State, 251 Ala. 452, 37 So.2d 680; State of Tennessee v. Hamilton, 28 Ala.App. 587, 190 So. 306; Scott v. State, 33 Ala.App. 328, 33 So.2d 390. However, the letters must be competent evidence. Seibold v. State, 262 Ala. 322, 78 So.2d 644; Kilgore v. State, supra.

■ The letters were shown to have been received in due course of mail and were on the letterhead of the alleged sender, Mr. Garofalo, the admitted attorney for Mr. Canova. The trial judge examined the letters, such examination showing them to be in response to letters previously written to Mr. Garofalo by Mr. Rogers, the attorney for Mr. Massey. Under such circumstances, the presumption or inference is that the letters were written by the purported sender, or for him by someone authorized by him, which presumption or inference continues until overcome by evidence to the contrary offered by the purported sender. White v. Tolliver, 110 Ala. 300, 20 So. 97; Butterworth & Lowe v. Cathcart, 168 Ala. 262, 52 So. 896; Rike v. McHugh & Groom, 188 Ala. 237, 66 So. 452; Reliance Life Ins. Co. v. Russell, 208 Ala. 559, 94 So. 748; American Workmen v. James, 14 Ala.App. 477, 70 So. 976.

■ There being no evidence to the contrary offered by the state, the trial court committed no error in admitting the letters.

Affirmed.

SIMPSON, GOODWYN and COLEMAN, JJ., concur.