184 So.2d 849

**Wilburn L. DAVIS**

v.

**STATE.**

**7 Div. 834.**

Court of Appeals of Alabama.

March 29, 1966.

Nabors & Torbert, Gadsden, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

CATES, Judge.

This appeal was submitted January 27, 1966.

The only point on this habeas corpus action (against extradition) is a claim that the State must prove the identity of the prisoner before the trial judge.

While some demanding states send our Governor photographs, there is nothing in the Federal Constitution, statutes, or the Uniform Act (to which we adhere) which descends to the particulars of identity.

We consider, by operation of the arresting officer's return on the warrant of the Governor of Alabama, the accused has the burden of showing that he is not the same person. Dunklin v. Wilson, 64 Ala. 162.

We quote from Harris v. State, 148 Ala. 659, 41 So. 416 (opinion in So.Rep. only):

"The petitioner, testifying in his own behalf, stated that he was not the party or person mentioned in the requisition and extradition papers, under which he was restrained of his liberty by the said J. T. Hunn as an officer from the state of Tennessee, and that he had not been in the the state of Tennessee since March or April, 1903. The said J. T. Hunn testified to the identity of the petitioner, and, furthermore, that he had seen him in Memphis, Tenn., in March, 1905. It will be observed that the petitioner did not deny the accusation or charge for which he was being extradited, except as above set out. The only question, therefore, was one of identity of person, and on the above evidence, as set forth, the court refused to discharge the petitioner; and we are not prepared to say that the court committed any error. The order appealed from will be affirmed."

Here, Davis proferred no evidence, hence is not within the practice shown in *Harris, supra.*

The judgment remanding Davis to the Sheriff is

Affirmed.