187 So.2d 293

**Edgar Paul GRIFFIN**

**v.**

**STATE.**

**6 Div. 151.**

Court of Appeals of Alabama.

May 24, 1966.

Rogers, Howard, Redden & Mills, Birmingham, for appellant.

·Richmond M. Flowers, Atty. Gen., and Julian S. Pinkston, Asst. Atty. Gen., for the State.

CATES, Judge.

· This appeal was submitted March 24, ·1966, from a judgment in habeas corpus ·on extradition remanding the prisoner to the custody· of the sheriff of Jefferson ·County.

Griffin's presence is desired in the State of Illinois to answer three bills of ·indictment charging an offense under the laws of that state denominated as theft, stated in the requisition warrant as involving more than $150.00.

The sole question presented on the hearing below was whether or not the papers which accompanied the requisition warrant from the Governor of Illinois to the Governor of Alabama were authenticated within the meaning of the Federal extradition statute and the Uniform Act, the Alabama version of which is to be found in Code 1940, T. 15, Art. 2 of Ch. 2, §§ 48–51, inclusive.

The last clause of the second sentence of Code 1940, T. 15, § 50, provides that "the copy must be authenticated by the executive authority making the demand, which shall be prima facie evidence of its truth."

Griffin contends that it was necessary that this form of authentication follow the Federal statutes regulating the mode of exemplification for the purpose of the full Faith and Credit Clause of the Federal Constitution.

In the case of instant concern, the deputy district attorney made the following argument which well describes the Illinois papers (which the circuit clerk has certified to us in original form) as follows:

"* * * I would like to point out that the Governor's warrant from the State of Illinois is attached to the supporting papers by red ribbon which is covered by [the] seal [of] the State of Illinois and is bound together by that ribbon and seal. It is in such a manner that there could not be an addition nor a detachment from those papers which are secured by this ribbon, and that the certification in the first paragraph as earlier mentioned is with respect to the authentication of those supporting papers. * * *"

It is not necessary for our Governor to have the formal authentication required under the full Faith and Credit Clause, so long as the Governor of the demanding state authenticates the validity of the required indictment, or other statutorily approved accusation.

We would further point out that the clerk of the Illinois Circuit Court, under his seal, has certified as to the validity of the copy of the indictment appended to the Governor's requisition warrant; has affixed the seal of his court; has had the judge of said court, by certificate, attest that the clerk is the incumbent of his office; "and that full force and credit are due his official acts as such; that the seal affixed to said certificate [of the indictment] is the seal of said court; that such clerk is a proper officer to execute said certificate and that the same is in due form of law."

Then follows a certificate as to the incumbency of the attesting judge signed by the clerk of the court under his seal.

These forms seem eminently proper.

The judgment of the circuit court is due to be

Affirmed.