231 So.2d 345

**Ann G. SMITH**

v.

**STATE.**

**4 Div. 37.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1970.

J. Earl Smith, Dothan, for appellant.

MacDonald Gallion, Atty. Gen., and Richard F. Calhoun, Asst. Atty. Gen., for the State.

ALMON, Judge.

This appeal was submitted on December 18, 1969, from a judgment denying appellant's petition for writ of habeas corpus. The first appeal in this cause is reported in Smith v. State, 45 Ala.App. 125, 226 So. 2d 668.

Appellant is being held under a rendition warrant issued by the Governor of Alabama at the request of the Governor of Georgia. At the habeas corpus hearing, the State introduced into evidence, over appellant's objection, Exhibit No. 1, consisting of the Governor of Georgia's requisition for extradition, with supporting documents. One of the attached supporting documents is a certified copy of an indictment returned against appellant in the Superior Court of Dougherty County, Georgia, charging appellant with "larceny from house."

■ Appellant contends that the indictment should not have been introduced in evidence because it was improperly authenticated. She contends that the Dougherty County Superior Court Clerk's certificate was inadequate because it certifies that Asa D. Kelley, Jr., is a duly commissioned judge of that court; that Judge Kelley was commissioned as such judge on June 4, 1968; and that his commission as such judge expires on January 1, 1968. Appellant argues that since the clerk's certificate states that Judge Kelley's commission as Judge of the Superior Court of Dougherty County expired on January 1, 1968, Judge Kelley was acting without authority on September 10, 1968, when the above mentioned indictment was returned against appellant.

It is obvious from reading the clerk's certificate that this discrepancy is nothing more than a typographical error since, according to the dates in the certificate, the judge's commission expired before it was issued. Furthermore, the supporting documents include a certificate by the clerk that Judge Kelley's signature is correct and that he was Judge of the Superior Court on the date of his signature. This would seem to clear up any ambiguity in the clerk's certificate.

■ Moreover, we conclude that the judge's certificate certifying that the clerk is in fact the clerk is not necessary for proper authentication of the indictment under Tit. 15, § 50, Code of Alabama, 1940, as amended.

■ The certificates in question were presumably made in an effort to comply with the full Faith and Credit Clause of the United States Constitution. In Griffin v. State, 43 Ala.App. 237, 187 So.2d 293, this court stated:

"It is not necessary for our Governor to have the formal authentication required under the full Faith and Credit Clause, so long as the Governor of the demanding state authenticates the validity of the required indictment, or other statutorily approved accusation."

Since the Governor of Georgia has properly authenticated the indictment in question, we conclude that the trial court ruled correctly.

■ Appellant further contends that the State failed to prove that she was the person named in the Governor's rendition

warrant. In Davis v. State, 43 Ala.App. 180, 184 So.2d 849, this court held that the accused has the burden of showing that he is not the person named.

For the foregoing reasons, we conclude that the judgment appealed from should be and the same is hereby

Affirmed.