265 So.2d 175

**Diane PEACOCK**

v.

**STATE.**

**6 Div. 377.**

Court of Criminal Appeals of Alabama.

June 13, 1972.

Rehearing Denied June 30, 1972.

William J. Baxley, Atty. Gen., and Sarah V. Maddox, Asst. Atty. Gen., for the State.

HARRIS, Judge.

This is an appeal from a judgment rendered in the Tenth Judicial Circuit denying appellant's discharge in a habeas corpus proceeding. This case was argued and submitted in this Court on May 23, 1972.

Appellant was arrested by the Sheriff of Jefferson County upon a rendition warrant issued by the Governor of Alabama ordering her return to the State of Maryland to answer an indictment charging her with the crime of forgery, uttering, larceny after trust. The Sheriff's Return states that petitioner was being held under authority of a duly executed rendition warrant of this State pursuant to the extradition statute of Alabama, "a copy of which Governor's warrant is attached hereto and made a part hereof."

In a full blown hearing in the Court below, the State introduced into evidence the rendition warrant issued by the Governor of Alabama, together with the application for requisition by the Governor of Maryland. The request for requisition was accompanied by a copy of the indictment by the grand jury of Montgomery County, Maryland, charging this appellant with the offense above mentioned.

Arthur Parker and J. Louis Wilkinson, Birmingham, for appellant.

In the requisition made by the Governor of the demanding state, it is recited:

"Whereas, It appears by indictment hereto annexed and duly authenticated in accordance with the laws of this State, that Diane Legg Peacock stand(s) charged with the crime of Forgery, Uttering, Larceny After Trust committed in Montgomery County in this State,

"And Whereas it has been represented to me that the said Diane Legg Peacock has fled from justice, and has taken refuge within the State of Alabama.

"Now, Therefore, pursuant to the provisions of the Constitution, and the Laws of the United States, in such case made and provided, I, Marvin Mandel, Governor of the State of Maryland, do hereby request that the said Diane Legg Peacock be apprehended and delivered to Dep. Sheriff Raymond M. Kight or Dep. Sheriff Robert E. Ray, agents for the State of Maryland who are hereby authorized to receive and convey her the said Diane Legg Peacock to the State of Maryland, there to be dealt with according to law."

The indictment is certified under the hand and seal of the circuit clerk of Montgomery County, Maryland, to be a true and correct xerox copy of the indictment filed February 4, 1970, as to Diane Legg Peacock in Criminal No. 10839, State of Maryland v. Diane Legg Peacock. The presiding judge of the circuit court of Montgomery County, Maryland, certified that the attestation of the clerk is in due form and by the proper officer, and the circuit clerk certified that the Honorable Kathryn J. Shook, whose genuine signature is subscribed to the certificate was at the time of signing same presiding judge of the circuit court of Montgomery County, Maryland, duly commissioned and qualified.

The above requisition bears the Great Seal of the State of Maryland and is dated July 14, 1970. The allied papers attached to the requisition include an application from the State's Attorney of Montgomery County, Maryland, to the Governor of that state, which certifies that Diane Legg Peacock stands charged by indictment with the crime of forgery, uttering, larceny after trust, committed in said county and state on the 21st day of November, 1969, and who, to avoid prosecution, fled from that state, and is believed to be within the jurisdiction of the State of Alabama, Birmingham, Jefferson County. There are further recitals to the effect that there is probable cause to believe she is guilty of the crime therein charged, that the extradition is sought in good faith, with sole intent to prosecute for the said crime, and not to collect any debt or serve any private purpose, and that the ends of justice require that she be brought back to that state for trial. This application was under oath and has the usual certification of a notary public with seal affixed and the usual attestation as to genuineness of the handwriting of the notary by the clerk of the circuit court under the seal of that court and with the further attestations by the circuit judge that the attestation of Howard M. Smith, clerk of the circuit court of Montgomery County, is in due form and by the proper officer. Thereupon, Howard M. Smith, clerk of the circuit court of the county aforesaid, certified that Irving A. Levine, who has certified and signed the above attestation, was at the time of so doing, a judge of the circuit court for the county aforesaid, duly commissioned and qualified, and authorized by law to so sign and certify the same, and that his signature thereto is genuine, all under the seal of the circuit court of Montgomery County, Maryland.

Also, in the papers accompanying the requisition is an affidavit, duly sworn to before a committing magistrate with seal affixed, from Jimmie R. Henry, 344 Hungerford Court, Rockville, Montgomery County, Maryland, and is as follows:

"That on November 21, 1969, I was employed as Manager for the Hampshire Investors Corporation, doing business from an office located at 344 Hungerford

Court, Rockville, Montgomery County, Maryland. In my capacity as Manager, I had an employee working directly under me, namely, Diane Legg Peacock. On November 21, 1969, while in my office locate at the aforesaid address, Diane Legg Peacock presented to me a Hampshire Investors Corporation check, check No. 808, made payable to Hampshire Investors Corporation, drawn on the Maryland National Bank, in the amount of $576.12, dated November 21, 1969. I then signed this check as maker as is required by the business for the purposes of Diane Legg Peacock transferring funds from one bank to another. Upon signing the check I then returned said check to Diane Legg Peacock personally. The check was subsequently returned stamped "Paid November 21, 1969" by the Maryland National Bank. On the check in the payee line directly behind the payee "Hampshire Investors Corporation" had been inserted the word "payroll". This insertion being an alteration of the original document for which Diane Legg Peacock was indicted by the Montgomery County Grand Jury for the crime of forgery on February 3, 1970.

"The Diane Legg Peacock of whom I speak in this affidavit is the same person as in the attached photograph, which is hereby made a part of this affidavit."

Following this affidavit taken before Paul A. Langeven, Committing Magistrate, appears the following certification:

"STATE OF MARYLAND, MONTGOMERY COUNTY, Sct.

"In the Office of the Clerk of the Circuit Court for Montgomery County

"I, HOWARD M. SMITH, Clerk of the CIRCUIT COURT FOR MONTGOMERY COUNTY, being a Court of Record, hereby certify that Paul A. Langeven Esquire, before whom the annexed acknowledgment/affidavit was made, and who has thereto subscribed his name, was, at the time of so doing, a COMMITTING MAGISTRATE of the State of Maryland, in and for Montgomery County, duly appointed, commissioned and sworn, and authorized by law to take acknowledgments, and administer oaths, and to exercise the jurisdiction conferred by law on such Committing Magistrate, and further that I am well acquainted with the handwriting of such Committing Magistrate, and that the signature attached thereto, purporting to be his I believe to be genuine.

"IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed the seal of the Circuit Court for Montgomery County this 8th day of July A.D., 1970

SEAL | HOWARD M. SMITH (Signed)
(Circuit Court for | Clerk of the Circuit Court for Montgomery
Montgomery County, Md.) | County"

---

The rendition warrant recites the jurisdictional facts showing a requisition from the Governor of Maryland demanding the surrender of petitioner as a fugitive from justice from that state having taken refuge in Alabama, and that she was "charged by indictment in the County of Montgomery, in the State of Maryland, with the crime of Forgery, Uttering, Larceny After Trust. (A duly certified copy of which indictment accompanies said requisition)." It is clear that the warrant contains the necessary jurisdictional recitals to show prima facie authority for petitioner's detention. Title

15, Sections 50, 52 and 54, Code of Alabama 1940; Kelley v. State, 30 Ala.App. 21, 200 So. 115; Pool v. State, 16 Ala.App. 410, 78 So. 407.

We are pressed for a reversal for two reasons:

1. The papers accompanying the requisition warrant from the Governor of Maryland to the Governor of Alabama were not properly authenticated within the meaning of our extradition statutes.

2. The warrant from the demanding State to which were attached supporting papers was not sealed or bound together in such manner that there could not be an addition or detachment from these papers.

▮ Appellant relies on the following cases in support of both contentions: Griffin v. State, 43 Ala.App. 237, 187 So.2d 293; Meadows v. State, 38 Ala.App. 319, 82 So.2d 811, and Aldio v. State, 42 Ala.App. 653, 177 So.2d 107.

An analysis of these cases clearly demonstrate they are not supportive of the contentions made. In *Meadows* there was no request for requisition from the Governor of the demanding State, and there was no authentication of the affidavit and warrant by the executive authority. In *Aldio* the charge was by "Bench Warrant" as opposed to the statutory requirement that there be a lawful charge "by indictment or by an information filed by a prosecuting officer and supported by affidavit to the facts, or by affidavit made before a magistrate in that state", etc., and the record was de hors a requisition from the Governor of the demanding State.

In the instant case there is full and complete compliance with the requirements embodied in our statutes. See Aldio v. State, 44 Ala.App. 303, 208 So.2d 212, after retrial.

In *Griffin* this Court held that

"[1] It is not necessary for our Governor to have the formal authentication required under the full Faith and Credit Clause, so long as the Governor of the demanding state authenticates the validity of the required indictment, or other statutorily approved accusation."

Also in *Griffin,* the deputy district attorney was quoted as follows:

" * * * I would like to point out that the Governor's warrant from the State of Illinois is attached to the supporting papers by red ribbon which is covered by [the] seal [of] the State of Illinois and is bound together by that ribbon and seal. It is in such a manner that there could not be an addition nor a detachment from those papers which are secured by this ribbon, and that the certification in the first paragraph as earlier mentioned is with respect to the authentication of those supporting papers. * *"

[2] There is no requirement that the Governor's Warrant from the demanding State to which are attached supporting documents be secured by a ribbon of any kind—be its color red, white or blue. So long as the requisite papers are duly authenticated by executive authority they may be stapled together or fastened in some other manner to assure that they remain intact.

The record discloses that one of the secretaries in the Office of the District Attorney in Birmingham, at the request of a deputy district attorney, on the morning of the habeas corpus hearing, took the requisition warrant and supporting papers to a xerox machine in the courthouse building and removed the staples, made a copy of each, reassembled them in the proper order, and restapled all the papers. The trial judge heard this testimony and inspected the papers and afterwards admitted them into evidence. The clerk of the circuit court has certified to this Court the warrant of

the Governor of Maryland, the allied papers and exhibits and this Court has also inspected these papers and exhibits. They are in order and meet the requirements of our statutes and the case law of this State.

While we do not want to be understood as sanctioning the practice of disassembling legal documents, we do not perceive error to reverse in the instant case.

There was considerable evidence going to show that petitioner was present in the State of Maryland at the time of the commission of the offense, that she admitted her defalcation, tried to make restitution, and failing therein, she fled the State and took refuge in Alabama.

This Court has many times said that on habeas corpus, the accused has the right and privilege to adduce evidence to show that the extradition proceedings were instituted to aid in the collection of a debt. Aldio v. State, 44 Ala.App. 303, 208 So.2d 212; Tingley v. State, 34 Ala.App. 145, 37 So.2d 678; Kilgore v. State, 261 Ala. 465, 75 So. 2d 126.

Petitioner did not testify, but offered testimony from one Jimmie Reed Henry. Mr. Henry was a stockholder of the corporation for whom petitioner worked. He was also secretary or manager of the company. It will serve no useful purpose to set out this witness's testimony in detail. Suffice it to say that his testimony was most damaging to petitioner for it revealed that she had used over ten thousand dollars of the company's money for her own personal use over a period of six to eight months and signed a confession. Her guilt must have impressed the Court below, for he fixed the appeal bond at $10,000.00, though he had ordered her released on $1,000.00 bond pending the hearing.

The judgment is

Affirmed.

All the Judges concur.