This is an appeal from the judgment of the Circuit Court of Jefferson County denying appellant's petition for a writ of habeas corpus. He is in custody of the Sheriff under a rendition warrant issued by the Governor of this State at the request of the Governor of Mississippi. He stands charged under an indictment for forcible rape in Pearl River County, Mississippi.
The rendition warrant recites the necessary jurisdictional facts, to-wit: (1) that there was a demand in writing for the return of the appellant named in the indictment and warrant as a fugitive from justice by the executive authority of the state from which he fled, (2) that the requisition was accompanied by a copy of the indictment found, and (3) the copy of the indictment was duly authenticated by the executive authority making the demand. Under the settled law of this state the rendition warrant containing the above recitals made out a prima facie case for the detention of the prisoner and the burden shifted to the accused to rebut the State's prima facie case. Rayburn v. State, Ala.Cr.App., 366 So.2d 698, affirmed, Ala. 366 So.2d 708; In re Shirley v. State of Alabama (Ex ParteState of Alabama), Ala., 363 So.2d 104.
At the habeas corpus hearing the appellant (not the State), introduced into evidence the rendition warrant, the requisition warrant, and all supporting documents. The supporting documents introduced include the following:
1. An "Application for Requisition" from the Pearl River County, Mississippi, District Attorney directed to the Governor of Mississippi.
2. The Governor of Mississippi's designation of a person to receive the appellant from Alabama authorities.
3. A certificate by the Pearl River County Circuit Clerk certifying the copy of the arrest warrant to be true and correct.
4. The warrant of arrest for the appellant.
5. A certificate by the Pearl River County Circuit Clerk certifying the copy of the indictment to be true and correct. *Page 266 
6. The indictment of the appellant charging him with forcible rape.
7. An affidavit by the foreman of the grand jury stating that the indictment of appellant was a true bill.
8. A Judge's and Clerk's certificate certifying that each one holds his present office.
The appellant contends that the supporting documents were improperly authenticated and therefore fatally defective to the ordered extradition. He specifically lists three alleged defects:
A. Typewritten dates have been scratched out and a different date written in on the documents numbered 1, 3, 5, and 8 above.
B. The signature of the Circuit Clerk has been signed by the Deputy Clerk on the documents numbered 3, 4, 5, and 8 above.
C. The "capias instanter" or warrant of arrest (document number 4 above) has been signed by the Deputy Clerk and not by a magistrate with authority to issue arrest warrants.
Ordinarily there is no requirement to introduce into evidence the requisition warrant and supporting documents when the rendition warrant is sufficient on its face to establish a prima facie case. But once the requisition warrant and supporting documents are introduced into evidence this court is under a duty to examine them for their sufficiency because a defect in the supporting documents will rebut the prima facie case established by the rendition warrant. Rayburn, supra.
We see nothing prejudicial to the appellant where typewritten dates have been marked out and different dates written in. In this case all the changes were uniform. In three instances the dates were changed from December 15, 1978, to January 16, 1979, and in two instances the dates were changed to January, 1979, from December, 1978. We do not consider that these handwritten changes have any bearing on the validity of these documents.Tyner v. State, Ala.Cr.App., 346 So.2d 493, cert. denied, Ala.,346 So.2d 496 (1977); Smith v. State, 45 Ala. App. 423,231 So.2d 345 (1970); Aldio v. State, 44 Ala. App. 303,208 So.2d 212, cert. denied, 282 Ala. 723, 208 So.2d 215 (1968).
In Tyner v. State, supra, the appellant made the same contentions. There we said:
 "Appellant contends that the requisition warrant and the allied papers were in some manner changed or altered and that the requisition warrant and the supporting papers were not re-dated and re-notarized and they were, therefore, illegal. It would have been more proper if the requisition warrant and the supporting papers had been re-dated and re-notarized but we hold that the failure to do so does not render them illegal."
The requisition warrant from the Governor of Mississippi is dated February 6, 1979 and the "related documents" were certified to be authentic. This certification was several weeks after the typed dates were changed and written in "ink."
Next, we find no merit in the appellant's contention that the Deputy Clerk illegally signed the Circuit Clerk's name to certain of the supporting documents. The Deputy Clerk signed both the Circuit Clerk's name and her own name to each of the questioned documents. Under Mississippi law, the Deputy Clerk has the power to "do and perform all the acts and duties" that the Circuit Clerk may lawfully do. § 9-7-123, Mississippi Code 1972.
Finally, the case of Cooper v. State, 193 Miss. 672,10 So.2d 764 (1942) held that "warrants for the arrest of persons charged by indictment" may be issued by court clerks. The appellant in this case was charged by indictment. The Circuit Clerk was a proper officer to sign the arrest warrant.
The appellant also contends that he was not properly identified by Mississippi authorities to warrant extradition.
The Pearl River County, Mississippi, Sheriff's Office notified the Fairfield, Alabama, Police Department via teletype that two victims had been forcibly raped by a *Page 267 
white male suspect. A specific description of the suspect was given. The Mississippi authorities also supplied information that the suspect was driving a red and white tractor-trailer truck with the letters "T.H.L." and "Fairfield, Alabama" on the side. The "T.H.L." was arranged in a diamond shape with "H" on top and "T" and "L" on bottom reading from left to right.
On the basis of this information Sergeant Manuel R. King of the Fairfield Police went to Hanna Truck Lines, Inc., in Fairfield. It was there discovered that the appellant was one of two truck drivers who had passed through Pearl River County on the date in question and his description matched the suspect's. Sergeant King advised the appellant of his constitutional rights and he admitted being in Pearl River County on the date in question and that "maybe the two females in question were in his truck, but that he did not rape them." The appellant was then arrested. We believe there existed probable cause for this arrest without a warrant. § 15-10-3, Code of Alabama 1975.
The function of courts in extradition proceedings is to insure that a proper formal charge exists against the accused and that he is a fugitive. Krenwinkel v. State, 45 Ala. App. 474, 232 So.2d 346 (1970). The appellant was indicted in Mississippi after Jefferson County, Alabama, authorities supplied them with his name. The extradition papers were in order. The burden was on the appellant to show that he was not the person named in the indictment. Smith, supra. He did not meet this burden.
Appellant did not testify at the habeas corpus hearing nor did he offer any evidence in his behalf.
For the reasons stated above we feel that the judgment of the Circuit Court of Jefferson County, Bessemer Division, in denying appellant's petition for writ of habeas corpus was correct and the judgment in this case is affirmed.
AFFIRMED.
All the Judges concur.